**Ellen JONES, Plaintiff-Appellee,**

**Leo P. Portnoy,
Applicant-in-Intervention-Appellant,**

**v.**

**NUCLEAR PHARMACY, INC., a New Mexico corporation, and Robert Lee Sanchez, Defendants-Appellees.**

No. 83–2264.

United States Court of Appeals,
Tenth Circuit.

Aug. 22, 1984.

Jerrold M. Shapiro, Chicago, Ill. (John E. Farrow of Fairfield, Farrow, Hunt, Reecer & Strotz, Albuquerque, N.M., with him on the briefs), for applicant-in-intervention-appellant.

Philip R. Schichtel of Sutin, Thayer & Browne, Albuquerque, N.M., for appellee Nuclear Pharmacy Inc.

William Michael Roberts of Johnson, Grusin, Kee & May, P.C., Memphis, Tenn. (David N. Hernandez, Albuquerque, N.M., with him on brief), for appellee Robert Lee Sanchez.

Seymour A. Oliff, Chicago, Ill., and K. Dianne Katz, Albuquerque, N.M., on brief, for plaintiff-appellee Ellen Jones.

Before HOLLOWAY, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from the trial court's order approving the terms of a settlement agreement in a shareholder's derivative suit. We are asked to review whether the trial court violated the constitutional process due an objecting shareholder by failing to hear live testimony at the settlement hearing.

This case was fraught with the kinds of acrimonious assaults, vitriolic comments and contumacious behavior that all too frequently plague and characterize suits of this nature. *See, e.g.,* Record, vol. 1, at 26–27, 32, 36–44, 206–07. With that caveat in mind, only a brief recitation of the facts is necessary for the proper determination of this appeal.

Plaintiff shareholder Ellen Jones brought this shareholder's derivative suit on behalf of defendant corporation, Nuclear Pharmacy, Inc. (NPI), in order to recover alleged short-swing profits from defendant Robert Lee Sanchez pursuant to section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) (1982). At the time the suit was commenced, Mr. Sanchez was a director and officer of NPI as well as owner of more than ten percent of NPI's outstanding common stock. Shortly after the parties began discovery they entered into a stipulation of compromise and settlement which was approved by a special litigation committee created at the inception of this suit by NPI's board of directors. Record, vol. 1, at 147, 158–59. Pursuant to Federal Rule of Civil Procedure 23.1, the trial court scheduled a hearing to determine whether the provisions of the settlement agreement were fair, reasonable and adequate. A notice of the proposed settlement was sent to all NPI shareholders of record informing them of the settlement agreement and their right to be present at the hearing to show why the court should or should not approve the agreement. Record, vol. 1, at 163. Prior to the settlement hearing the trial court received memoranda from defendants Mr. Sanchez and NPI and plaintiff Ellen Jones in support of the settlement, as well as an extensive brief from appellant Mr. Portnoy in opposition to the settlement. Record, vol. 1, at 170, 187. At the hearing, one shareholder appeared to ask the court to approve the settlement and one shareholder, Mr. Portnoy, appeared through local counsel to object to the settlement. The district court heard testimony from both counsel before approving the settlement agreement, but refused to entertain live testimony concerning attorney's fees from appellant's witness. Record, vol. 2, at 19, 21.

■ Rule 23.1 of the Federal Rules of Civil Procedure provides that an action brought thereunder "shall not be dismissed or compromised without the approval of the court." The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court. *West Virginia v. Chas. Pfizer & Co.*, 314 F.Supp. 710, 740 (S.D.N.Y.1970), *aff'd* 440 F.2d 1079, 1085 (2d Cir.), *cert. denied*, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971); 3B Moore's Federal Practice ¶ 23.80(4) (1982). This court will not set aside a class action settlement unless the trial court has abused its discretion. *Miller v. Woodmoor Corp.*, 619 F.2d 65, 66 (10th Cir.1980).

■ In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate. In assessing whether the settlement is fair, reasonable and adequate the trial court should consider:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*In re King Resources Co. Securities Litigation*, 420 F.Supp. 610 (D.Colo.1976). A careful review of the record supports the conclusion that the trial court in this case properly reviewed these elements when it approved the parties' settlement agreement. As already noted, the trial court had before it prior to the settlement hearing, an extensive discussion of the factual and legal issues underlying this derivative suit, including appellant's brief in which the grounds for his objection to the agreement were laid out.

Appellant argues that he was denied constitutional due process by the trial court's failure to permit live testimony at the settlement hearing. It is questionable whether appellant may even raise this issue on appeal since he made no attempt to object at the hearing to the trial court's failure to permit live testimony, *see Whitlock & Associates, Inc. v. Aaron*, 383 F.2d 72, 75

(10th Cir.1967), but we address it in order to clarify the type of process due an objecting shareholder in a settlement agreement hearing.

■ The essence of procedural due process is that the parties be given notice and opportunity for a hearing. *See Twining v. New Jersey,* 211 U.S. 78, 110–11, 29 S.Ct. 14, 24, 53 L.Ed. 97 (1908). *See also Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 17 L.Ed. 531 (1864) ("Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.") Both the right to be heard from and the right to be told why are integral elements of this notion of due process. As noted by Justice Frankfurter,

[t]he validity and moral authority of a conclusion largely depend on the mode by which it was reached. Secrecy is not congenial to truth-seeking and self-righteousness gives too slender an assurance of rightness. No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it. Nor has a better way been found for generating the feeling, so important to a popular government, that justice has been done.

*Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 171–72, 71 S.Ct. 624, 649, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). Although the right to be heard is an integral part of due process, an individual entitled to such process is not entitled to dictate to the court the precise manner in which he is to be heard.

■ An objecting shareholder is not entitled, as a matter of right, to an evidentiary hearing during a settlement hearing. *Weinberger v. Kendrick,* 698 F.2d 61, 79 (2d Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983) (class action suit). In *Weinberger,* as in the case before us, counsel had complete access to discovery and to the extensive materials submitted to the trial court. The Second Circuit noted that:

[a]lthough the parties reaching the settlement have the obligation to support their conclusion to the satisfaction of the District Court, once they have done so, they are not under any recurring obligation to take up their burden again and again *ad infinitum* unless the objectors have made a clear and specific showing that vital material was ignored by the District Court.

*Id.* 104 S.Ct. at 80. Appellant in this case has not made any specific showing that the trial court ignored vital material.

■ Appellant was afforded the full panoply of procedural due process when he received adequate notice of the settlement hearing and had the significant opportunity to be heard by submitting an extensive memorandum to the court prior to the hearing detailing his objection to the settlement. The failure to conduct an evidentiary hearing when all parties concerned with the settlement had notice of the settlement hearing, the opportunity to be heard, and access to the fruits of detailed discovery, is not a violation of due process. The universal rule of due process is fairness; the trial court afforded all parties to the settlement, including appellant, such fairness.

Appellant raises a number of other related issues on appeal. He asserts that the trial court's approval of the settlement agreement was improper because the agreement was not the product of arms length, adversarial negotiations and also because no substantial, meritorious defenses to Mr. Sanchez' statutory liability were ever raised. He also argues that the settlement is an attempt to evade the intent and purpose of section 16(b) and that plaintiff's attorney's fee award is clearly excessive. Appellant raised and extensively presented these arguments in memoranda to the trial court, *see* record, vol. 1, at 187–211, 346–52. In light of the foregoing discussion concerning the nature of appellate review and judicial discretion under Rule 23.1 of the Federal Rules of Civil Procedure, we reject these arguments. The trial court adequately considered these issues prior to its approval of the settlement and award of plaintiff's attorney's fee. Absent a showing that the trial court abused its discretion

in approving the settlement agreement, the agreement will not be set aside. Appellant has not shown such abuse.

The order of the trial court is therefore AFFIRMED.