9 F.3d 116
 62 Empl. Prac. Dec. P 42,613
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. BLANKENBAKER, Leslie B. Calvin, Mose A. Covington,
Alfred E. Lyons, Victor Powell, William A. Smith, Martin H.
Tuggle, T.F. Vanwinkle, Earl O. Walker, Green Junior
Wallace, William H. Zanders, Homer Jackson, Eugene E. Bunch,
James G. Bunch, Plaintiffs-Appellees,
v.
UNITED TRANSPORTATION UNION, Defendant,
Jerry Easley, Claimant-Appellant.
 No. 93-3007.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 21, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant-appellant Jerry Easley appeals the denial of his objection to the district court's approval and implementation of a settlement agreement in this Title VII, 42 U.S.C.2000e to 2000e-17, class action litigation. This court reviews a district court's decisions approving and implementing a class action settlement only for an abuse of discretion. See Miller v. Woodmoor Corp., 619 F.2d 65, 66 (10th Cir.1980). "In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate." Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir.1984).
 
 
 3
 Plaintiffs commenced this litigation seeking to remedy discriminatory employment practices involving the seniority system of the Atchison, Topeka and Santa Fe Railway Company (railroad) and allegedly perpetuated by defendant. The parties reached a settlement agreement which excluded from recovery any class member who was a provisional rather than a full-time employee of the railroad. That agreement treated as provisional those employees who were hired during summer and holiday periods, defined more specifically as those who received "wages from Santa Fe during the period from July 2, 1965, until March 23, 1971, exclusively in the following months: January, May, June, July, August, September, and December." I R., doc. 817 at 7. It is undisputed that claimant fell within this definition of a provisional employee and, therefore, the settlement excluded him from any recovery.
 
 
 4
 In denying claimant's objection, the district court noted that "[t]he gravamen of plaintiffs' claims ... is that the alleged discrimination ... lies in the failure to promote full-time African American chair car attendants to the position of brakemanswitchman...." Id. at 4. Because "provisional employees, occupying temporary positions with the Santa Fe, did not suffer the alleged unlawful [effects] of the promotional practices of the ... seniority system," id., the district court concluded that it was fair and reasonable to exclude those employees, as defined by the settlement agreement, from recovery, id. at 5. Having reviewed the record and the parties' arguments, we cannot conclude that the district court abused its discretion in so ruling.
 
 
 5
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3