9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael "Nick" DIAZ, Regulation No. 44931, Centennial
Correctional Facility; George H. White, Regulation No.
56137, Centennial Correctional Facility; Jesse Lagunas,
Regulation No. 51084, Shadow Mountain Correctional Facility;
Douglas Lee Boehmer, Regulation No. 75095, Colorado
Territorial Correctional Facility; Flazell Jefferson
Beasley, Regulation No. 753153, Colorado Territorial
Correctional Facility, by themselves and on behalf of all
others similarly situated, Plaintiffs,
 Michael INGRAM, Regulation No. 43629, Shadow Mountain
v.
Roy ROMER, Governor of the State of Colorado; Frank O.
Gunter, Executive Director of the Colorado Department of
Corrections; William Wilson, Director of Division of Adult
Services, Unit I; Carlos Baca, Director of Division of
Adult Services, Unit II; John Perko, Director of the
Division of Correctional Industries; Harry B. Johnson,
Superintendent of Centennial Correctional Facility; Harold
Henson, Acting Superintendent of Shadow Mountain
Correctional Facility; Thomas Cooper, Superintendent of
Colorado Territorial Correctional Facility; and Frank Rice,
Acting Manager of Diagnostic Unit, Colorado Department of
Corrections, Defendants-Appellees.
 
 1
 No. 92-1249.
 
 
 2
 United States Court of Appeals, Tenth Circuit.
 
 
 3
 Oct. 21, 1993.
 
 
 4
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 5
 Michael R. Ingram, proceeding pro se, appeals from the district court's order approving a stipulated final settlement of all claims brought in this class action suit.[2] The suit was originally brought in 1977 under 42 U.S.C.1983 (1988) to challenge prison conditions at the Colorado State Penitentiary. During the lengthy course of the ensuing litigation, the class was redefined as all inmates at three Colorado correctional facilities. Ingram was an inmate at one of the affected facilities and became a substitute class representative in 1990. He was subsequently transferred to Limon, an unaffected facility, before final settlement of the litigation.
 
 
 6
 Ingram challenges the district court's approval of the final settlement on three grounds. He contends 1)there was inadequate class notice, 2)the settlement agreement fails to give "full faith and credit" to state health standards, and 3)the district court should defer approval of the settlement until Ingram's state court suit is decided. Appellees and the plaintiff class have filed answer briefs. Appellees have also moved to dismiss for lack of jurisdiction, claiming that Ingram failed to timely file his notice of appeal as required by Fed. R.App. P. 4(a)(1).
 
 
 7
 We address the jurisdictional issue first. Within ten days of the district court's judgment, plaintiffs filed a motion to amend or correct the judgment under Fed.R.Civ.P. 59(e) and 60(a). Ingram filed his notice of appeal within 30 days of the court's amended judgment pursuant to the motion. Appellees contend that because Ingram is challenging issues on appeal that were not raised in the motion to amend, the time for filing his appeal began to run as of the district court's original judgment, not its amended judgement. We disagree. This court has stated a bright-line rule that regardless of how it is styled, a motion filed within ten days to correct a judgment is treated as a Rule 59(e) motion. Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir.1988). Fed. R.App. P. 4(a)(4) clearly states that a timely Rule 59(e) motion tolls the time for appeal for all parties until the granting or denying of such a motion. The fact that the Rule 59(e) motion did not raise the same issues as the appeal is irrelevant. See id. at 704 (defendant's notice to appeal $50,000 judgment held premature when filed before court decided plaintiff's motion to amend judgment with respect to interest provision). Therefore, Ingram's notice of appeal was timely, and we deny appellees' motion to dismiss for lack of jurisdiction.[3]
 
 
 8
 Ingram first asserts that notice of the final settlement agreement was inadequate because written notice was not posted at Limon, although it was posted at the affected facilities. The district court ruled that notice to the class was adequate. Rec., vol. I, tab 44 at 6. We review the approval of a class action settlement agreement for abuse of discretion. See Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir.1984). Appellees contend Ingram received actual notice, and Ingram does not dispute that he met with plaintiff class counsel to discuss the settlement agreement. He complains only that the record does not evidence personal contact between counsel and him, or counsel's consideration of his objections. Due process requires that all parties to the settlement be given notice and an opportunity to be heard. Id. at 325. Ingram has not shown that the district court abused its discretion by ruling that notice to the class of the final settlement agreement was adequate. Because Ingram had actual notice of the settlement agreement, he was not denied due process.
 
 
 9
 Ingram next claims that the settlement agreement should not be approved because it fails to give "full faith and credit" to state health standards. The court must only determine whether a violation of the Constitution has occurred. Bell v. Wolfish, 441 U.S. 520, 544 (1979). Variance with standards set by other entities is a factor to be considered, but it does not alone establish a constitutional violation. See Ramos v. Lamm, 639 F.2d 559, 567 n.10, 571 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). In any section 1983 action, a violation of federal rights must be established. See Shaw v. Neece, 727 F.2d 947, 949 (10th Cir.), cert. denied, 466 U.S. 976 (1984). Ingram's challenge to the district court's settlement of this class action suit does not rise to the required level of a constitutional challenge.
 
 
 10
 Finally, we examine Ingram's claim that under principles of comity the district court should wait until his state claims are adjudicated before approving a final settlement in this action.[4] Ingram's state claims concern only conditions of confinement at Limon. They do not relate to or affect any of the facilities covered by the final settlement agreement in this case. Moreover, the settlement agreement does not preclude Ingram from filing claims outside the scope of the settlement agreement. We therefore see no merit, under comity or any other principle, to Ingram's claim that the district court should wait until such unrelated claims are decided before approving the final settlement here.[5]
 
 
 11
 In sum, Ingram's challenges on appeal present no basis to undo the district court's approval of the final settlement in this case. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Judge
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Ingram was released from state custody in August of 1993. Appellees subsequently moved this court to dismiss, claiming that his release mooted the appeal. Because Ingram's status as a class representative is not necessarily affected by his release, see Sosna v. Iowa, 419 U.S. 393, 399-401 (1975); Reed v. Bowen, 849 F.2d 1307, 1311-12 & n.4 (10th Cir.1988), we also deny appellees' second motion to dismiss
 
 
 [4]
 In connection with this issue, we grant both appellant's and appellees' motions to supplement the record
 
 
 [5]
 We decline to review Ingram's complaints about his inability to proceed with his state court suit, which are not relevant to the issues in this case