21 F.3d 1123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William WILSON; Muslim Community of Avcf; Christopher
Guss; Lawrence Whittaker; Day James; Mark Young; Abbass
Rostami; Jerry Hobley; Masuood Ahmad; robert Boyd; Woody
Harrison; Gary Thorpe; Leroy Houston; Bruce Sims;
Frederick Davis; Eddie Owens; Patriek Daniels; Michael
Poston; Russell Draper; Leonard Bell; Emerson Walters;
Lennie Billings; John Austin, Keith Mayfield; Saleem
Suleiman, individually and on behalf of those similarly situated
throughout the Colorado Department of Corrections, Plaintiffs, and
John X. HAMILTON, Plaintiff-Appellant,
v.
Frank GUNTER, Department of Corrections, George Sullivan,
Carlos Baca, William J. Wilson, Mark McGoff, Lou
Hesse, Ben Johnson, Thomas Cooper,
Warren T. Diesslin, Ernie
Pyle, Defendants-Appellees.
 No. 93-1036.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant JohnX. Hamilton, a class member, appeals the approval of a settlement agreement in a class action suit brought by inmates against the Colorado Department of Corrections (CDOC) under 42 U.S.C.1983. The only issue on appeal is whether the district court abused its discretion in approving the settlement agreement of that class action. Appellant alleges that the agreement allows the defendants to discriminate against him on the basis of his Muslim religion in violation of his First Amendment rights.
 
 
 3
 In the underlying 1983 class action the plaintiffs alleged that defendants violated their constitutional right to religious freedom by failing (1)to hire an Islamic chaplain (Iman); (2)to allocate funds for Islamic materials and programs; (3)to accommodate Islamic dietary requirements; (4)to allocate space for Islamic materials; and also by (5)discriminatory transfers of some Islamic inmates. The settlement agreement addressed these issues. The magistrate judge held a hearing on the settlement agreement at which appellant testified about concerns he felt were not addressed by the agreement.
 
 
 4
 The magistrate judge recommended that the settlement agreement be approved, noting that the agreement probably provided more relief than plaintiffs could expect if they prevailed at trial. The district court accepted the recommendation and approved the settlement agreement. Appellant moved for reconsideration, which the district court denied.
 
 
 5
 We review the district court's approval of a settlement agreement for abuse of discretion. See Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir.1984). "[T]he trial court must approve a settlement if it is fair, reasonable and adequate." Id.
 
 
 6
 Appellant advances essentially the same objections to the settlement agreement that he expressed to the magistrate judge. First, appellant contends the agreement should have acknowledged and provided services for various sects of the Islamic religion, including the Nation of Islam. However, the defendants' policy (adopted by the agreement) allowing volunteer Imans to hold services for particular Islamic groups addresses this concern. See I R. Doc. 47 at 4; see also Johnson-Bey v. Lane, 863 F.2d 1308, 1310-11 (7th Cir.1988). Appellant contends that defendants should allow celebration of every Islamic holiday. This is not a constitutional requirement; and, as defendants pointed out, Christian inmates are not allowed to celebrate every Christian holiday. Appellant also objects to the provision that non-Muslim prison staff can supervise Islamic services. However, all religious services of any sect must be supervised at the CDOC institutions. Defendants' interest in prison security supports this result. See Al-Alamin v. Gramley, 926 F.2d 680, 683-86 (7th Cir.1991). Appellant also asserts that inmates should be able to obtain Islamic religious materials from any source; however, the "publisher only" rule has been upheld by the Supreme Court. Bell v. Wolfish, 441 U.S. 520, 549-52 (1979) (the publisher only rule permits receipt of hardback books only if mailed directly from the publisher or book club). Finally, appellant argues that there should be a full-time Iman at each facility. The Constitution does not impose this requirement, see Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Al-Alamin, 926 F.2d at 685-86, particularly in light of the relatively small population of practicing Muslims in the CDOC system. See I R. Doc. 2. The religious freedom afforded to prisoners is limited: a prisoner is entitled to a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Cruz v. Beto, 405 U.S. 319, 322 (1972).
 
 
 7
 Appellant's claim that the settlement agreement does not provide reasonable accommodation of his beliefs in a way comparable to privileges given inmates of other religious beliefs is not supported by the facts or law. See Cruz v. Beto, 405 U.S. at 322. Further, appellant was provided the opportunity to present his opposition to the settlement agreement, and thus was afforded due process. See Jones, 741 F.2d at 325. None of the additional concerns appellant expressed at the hearing before the magistrate judge addressed how approval of the settlement agreement would constitute an abuse of discretion. The district court did not abuse its discretion in accepting the magistrate judge's recommendation to approve the settlement agreement.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470