**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUBY J. HARVEY-BURGIN,

　　　　Plaintiff-Appellant,

v.

SPRINT/UNITED MANAGEMENT
COMPANY,

　　　　Defendant-Appellee.

No. 08-3196
(D.C. No. 2:03-CV-02200-JWL-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

　　　This appeal arises from the settlement of a class action in which the

plaintiffs alleged that during a series of reductions in force between October 2001

and March 2003, Sprint engaged in a pattern and practice of selecting employees

for reduction on the basis of age, in violation of the Age Discrimination in

---

[*] 　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Employment Act (ADEA), 29 U.S.C. §§ 621-634. We have jurisdiction over the district court's Order of Final Approval of Settlement under 28 U.S.C. § 1291 and affirm.

On September 10, 2007, the district court held a hearing to consider final approval of the parties' proposed $57,000,000.00 settlement. Appellant Ruby Harvey-Burgin, appearing in this court pro se, was one of approximately 1700 opt-in plaintiffs in this suit, having lost her job with Sprint when the call center at which she worked was closed and she was in the protected age group. She filed a written objection to the proposed settlement and then appeared pro se at the September 10 Final Approval Hearing, asserting that her portion of the $57,000,000.00 settlement proceeds, approximately $4254.64, was not calculated appropriately and should be increased. On the following day, September 11, the district court entered its fifteen-page Order of Final Approval of Settlement. In that order, the district court expressly overruled Mrs. Harvey-Burgin's objection to the settlement, with the exception that the court ordered plaintiffs' counsel to reimburse her for her demonstrable, out-of-pocket travel and lodging expenses associated with her deposition. She appeals.

Mrs. Harvey-Burgin's sole argument on appeal is that she did not receive due process. She asserts that her objection to the settlement may have been of no use because the district court stated at the outset of the Final Approval Hearing that she should never have been in the case in the first place, that one of

plaintiffs' attorneys improperly yelled out during the hearing that she was going to be laid off anyway, that Sprint's failure to object to all of the points she made in her objection to the settlement worked as a forfeit, and that the district court rushed her when she was allowed to speak at the hearing. Mrs. Harvey-Burgin's due process issues call for legal conclusions and are reviewed de novo. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1186 (10th Cir. 2002). We review the district court's approval of the settlement for an abuse of discretion. *Id.*

We are not persuaded by Mrs. Harvey-Burgin's unsupported assertions that she was denied due process. "The essence of procedural due process is that the parties be given notice and opportunity for a hearing." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984). The district court allowed her the opportunity to be heard at the Final Approval Hearing on September 10. The district court did not exclude her evidence, even though she filed her written objection after the deadline for such objections, but stated at the hearing that it had already looked at it carefully. The court decided in its Order of Final Approval of Settlement that Mrs. Harvey-Burgin should be reimbursed for her travel and lodging expenses related to her deposition, which shows that it was not useless to object.

Mrs. Harvey-Burgin has not shown that there was any additional process to which she was due under the ADEA. And she has not shown that there was any

additional process to which she was due under the settlement approval procedure set out in Fed. R. Civ. P. 23—a procedure the district court followed out of an abundance of caution, not because the procedure was required in this ADEA case. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). She also has not shown that her objection to her portion of the settlement provided the district court with a basis to withhold approval of the settlement. Further, she fails to identify or allege any clearly erroneous finding of fact or flawed conclusion of law, and fails to identify or allege any clear error of judgment on the part of the district court. We therefore affirm the district court's Order of Final Approval of Settlement.

Appellant's motion styled "Motion to Request the Video Deposition Mentioned in the Notice of Objection to the Settlement Agreement and Monetary Payment By and For Opt In Plaintiff, Ruby J. Harvey-Burgin be Included in the Record on Appeal" is denied. Appellant's motion styled "Motion to Request as Supplemental Record the Request for Motion to Correct the Transcript of the

Final Approval Hearing Conducted September 10, 2007 Regarding Sprint's

Motion to Supplement the Record on Appeal" also is denied.

The judgment of the district court is AFFIRMED.


Entered for the Court


Jerome A. Holmes
Circuit Judge