5 F.3d 707
 27 Fed.R.Serv.3d 895
 Edward M. CARLOUGH; Pavlos Kekrides; Nafssica Kekrides,
his Wife; Laverne Winbun, Executrix of the Estate of Joseph
E. Winbun, Deceased, and in her own right; Ambrose Vogt,
Jr.; Joanne Vogt, his Wife; Carlos Raver; Dorothy M.
Raver, his Wife; John A. Baumgartner; Anna Marie
Baumgartner, his Wife; Timothy Murphy; Gay Murphy, his
Wife; Ty T. Annas; Fred Angus Sylvester, on Behalf of
Themselves and all Others Similarly Situated Carl D.
Roland; Gloria J. Roland, his Wife; Walter L. Mays, Sr.;
Shirley G. Mays, his Wife, Plaintiffs-Intervenors,
v.
AMCHEM PRODUCTS, INC.; A.P. Green Industries, Inc.;
Armstrong World Industries, Inc.; Certainteed Corporation;
C.E. Thurston & Sons, Inc.; Dana Corporation; Ferodo
America, Inc.; Flexitallic, Inc.; GAF Building Materials
Corporation; I.U. North America, Inc.; Maremont
Corporation; National Gypsum Company; National Services
Industries, Inc.; Nosroc Corporation; Pfizer, Inc.;
Quigley Company, Inc.; Shook & Fletcher Insulation Company;
T & N, PLC; Union Carbide Chemicals and Plastics
Corporation; United States Gypsum Company, Third-Party Plaintiffs,
v.
ADMIRAL INSURANCE COMPANY; Affiliated FM Insurance Company;
AIU Insurance Company; Allianz Insurance Company; Allianz
Underwriters Insurance Company, Individually and as
Successor to Allianz Underwriters Inc.; Allstate Insurance
Company, as Successor to Northbrook Excess and Surplus
Insurance Company; and Northbrook Insurance Company;
American Bankers Insurance Company of Florida; American
Centennial Insurance Company; American Home Assurance
Company; American Motorists Insurance Company; American
Reinsurance Company; Appalachian Insurance Company of
Providence; Argonaut Insurance Company; Atlanta
International Insurance Company; Britamco, Limited; Caisse
Industrielle D'Assurance Mutuelle; C.E. Heath Compensation
and Liability Insurance Company, as Successor to Employers'
Surplus Lines Insurance Company; Centennial Insurance
Company; Central National Insurance Company of Omaha;
Chicago Insurance Company; City Insurance Company; Colonia
Versicherung Aktiengesellschaft; Columbia Casualty Company;
Commercial Union Insurance Company, as Successor to
Columbia Casualty Company, Employers Commercial Union
Insurance Company, Employers Commercial Union Insurance
Company of America, and Employers' Liability Assurance
Corporation Limited; Compagnie Europeenne D'Assurances
Industrielles S.A.; the Constitution State Insurance
Company; Continental Casualty Company; Employers Mutual
Casualty Company; Evanston Insurance Company; Executive Re
Indemnity Inc., as Successor to American Excess Insurance
Company; Federal Insurance Company; General Reinsurance
Corporation; Gibraltar Casualty Company; Government
Employees Insurance Company; Granite State Insurance
Company; Great American Insurance Company, Individually and
as Successor to Transport Indemnity Company; Highlands
Insurance Company; the Home Indemnity Company; the Home
Insurance Company; Houston General Insurance Company;
Hudson Insurance Company; Insco, Limited; Insurance
Company of the State of Pennsylvania; Interstate Fire &
Casualty Company; Jefferson Insurance Company of New York;
Landmark Insurance Company; La Preservatrice Fonciere
Tiard, Individually and as Successor to La Fonciere
Assurances Transports Accidents and La Preservatrice; Le
Secours; Lexington Insurance Company; Lilloise
D'Assurances, as Successor to Lilloise D'Assurances Et De
Reassurances; London Guarantee and Accident Company of New
York; Lumbermens Mutual Casualty Company; Maryland
Casualty Company; Mead Reinsurance Corporation; Michigan
Mutual Insurance Company; Mutuelle Generale Francaise;
National American Insurance Company of California, as
Successor to the Stuyvesant Insurance Company; National
Union Fire Insurance Company of Pittsburgh, PA; Northbrook
Indemnity Company; North Star Reinsurance Corporation;
Northwestern National Insurance Company, Individually and as
Successor to Bellefonte Insurance Company; Old Republic
Insurance Company; Pennsylvania Manufacturers' Association
Insurance Company; the Protective National Insurance
Company of Omaha; Prudential Reinsurance Company; Puritan
Insurance Company, Individually and as Successor to the
Manhattan Fire and Marine Insurance Company; Ranger
Insurance Company; Republic Insurance Company; Safeco
Insurance Company of America; Safety National Casualty
Corporation, as Successor to Safety Mutual Casualty
Corporation; St. Paul Fire and Marine Insurance Company,
Individually and as Successor to Birmingham Fire Insurance
Company; St. Paul Guardian Insurance Company; St. Paul
Surplus Lines Insurance Company; Stonewall Insurance
Company; Stonewall Surplus Lines Insurance Company; Sun
Alliance and London Insurance PLC; Tokio Marine & Fire
Insurance Company; the Travelers Indemnity Company; the
Travelers Insurance Company; Unigard Security Insurance
Company, as Successor to Unigard Mutual Insurance Company;
Union Des Assurances De Paris; Yosemite Insurance Company;
Certain Underwriters at Lloyds of London (Including John
Does 1 to 200, Being Fictitious Names), and Certain London
Market Companies (Including John Does 201 to 400, Being
Fictitious Names), Third-Party Defendants,
Shelva D. Wiese, Individually and as Personal Representative
of the Estate of Wilbur M. Wiese; Carl D. Payne,
Sr. and Helen Payne, proposed
intervenors in district court,
Appellants.
 No. 93-1429.
 United States Court of Appeals,
Third Circuit.
 Argued July 27, 1993.
Decided Sept. 29, 1993.
 
 Laurence H. Tribe, Brian S. Koukoutchos, Cambridge, MA, Brent M. Rosenthal (argued), Frederick M. Baron, Baron & Budd, Dallas, TX, for appellants.
 John D. Aldock (argued), Wendy S. White, David M. Battan, Shea & Gardner, Washington, DC, John G. Gaul, Center for Claims Resolution, Princeton, NJ, for appellees Amchem Products, Inc., A.P. Green Industries, Inc., Armstrong World Industries, Inc., Certainteed Corporation, C.E. Thurston & Sons, Inc., Dana Corp., Ferodo America, Inc., Flexitallic, Inc., GAF Bldg. Materials Corp., I.U. North America, Inc., Maremont Corp., Nat. Gypsum Co., Nat. Services Industries, Inc., Nosroc Corp., Pfizer, Inc., Quigley Co., Inc., Shook & Fletcher Insulation Co., T & N, plc, Union Carbide Chemical and Plastics Corp., U.S. Gypsum Co.
 Gene Locks, Jonathan W. Miller, Greitzer and Locks, Philadelphia, PA, Ronald L. Motley, Joseph F. Rice, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, L. Joel Chastain, Desa A. Ballard, Ness, Motley, Loadholt, Richardson & Poole, Barnwell, SC, for appellees Edward M. Carlough, Pavlos Kekrides and Nafssica Kekrides, His Wife, Laverne Winbun, Executrix of the Estate of Joseph E. Winbun, Deceased, Ambrose Vogt, Jr. and Joanne Vogt, His Wife, Carlos Raver and Dorothy M. Raver, His Wife, John A. Baumgartner and Anna Marie, His Wife, Timothy Murphy and Gay Murphy, His Wife, Ty T. Annas, and Fred Angus Sylvester, on Behalf of Themselves and All Others Similarly Situated.
 David C. Vladeck, Brian Wolfman, Public Citizen Litigation Group, Washington, DC, for amicus curiae Public Citizen, Inc.
 Roberta B. Walburn, Celeste Pulju Grant, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, Arthur H. Bryant, Trial Lawyers for Public Justice, Washington, DC, for amici curiae Asbestos Victims of America and Trial Lawyers for Public Justice.
 Elit R. Felix, II, Margolis, Edelstein, Scherlis & Kraemer, Philadelphia, PA, for appellees Allianz Ins. Co., Allianz Underwriters Ins. Co., Individually and as Successor to Allianz Underwriters Inc., Argonaut Ins. Co., Chicago Ins. Co., Interstate Fire & Cas. Co.
 Joseph M. Oberlies, Connor & Weber, Philadelphia, PA, for appellee American Centennial Ins. Co.
 Stephen F. Brock, Joseph G. Manta, Manta & Welge, Philadelphia, PA, for appellees American Re-Insurance Co., Executive Re Indem. Inc., as Successor to American Excess Ins. Co.
 Lawrence M. Silverman, Silverman,
 Coopersmith & Frimmer, Philadelphia, PA, for appellees Central Nat. Ins. Co., of Omaha, Protective Nat. Ins. Co., of Omaha.
 Jay M. Levin, Cozen & O'Connor, Philadelphia, PA, for appellees Commercial Union Ins. Co., as Successor to Columbia Cas. Co., Employers Commercial Union Ins. Co., Employers Commercial Union Ins. Co., of America, and Employers' Liability Assur. Corp. Ltd., Safeco Ins. Co. of America.
 Daniel P. Lynch, Timby, Brown & Timby, Philadelphia, PA, for appellees Constitution State Ins. Co., Travelers Indem. Co., Travelers Ins. Co.
 William P. Shelley, Countess & Shelley, Moorestown, NJ, for appellee Federal Ins. Co.
 David J. D'Aloia, Sean R. Kelly, Saiber, Schlesinger, Satz & Goldstein, Newark, NJ, for appellees Gibraltar Cas. Co., Prudential Reinsurance Co.
 Rudolph Garcia, Saul, Ewing, Remick & Saul, Philadelphia, PA, for appellee Maryland Cas. Co.
 Lewis R. Olshin, Duane, Morris & Heckscher, Philadelphia, PA, for appellee Pennsylvania Manufacturers' Ass'n Ins. Co.
 Stephen P. Chawaga, Fitzpatrick & Tanker, Philadelphia, PA, Debra M. Patalkis, New York City, for appellee Republic Ins. Co.
 Tybe A. Brett, Henderson & Goldberg, Pittsburgh, PA, for appellees Ronald J. Smith, Josephine Smith, Walter Yastion, Helen Mae Yastion, His Wife, Harry L. Cooper, Margaret J. Cooper, His Wife, Jordan Kushnier, Mary Kushnier, His Wife, Randy L. Ward, Samuel J. Gallagher, Marion E. Gallagher, His Wife.
 Before: MANSMANN, GREENBERG, and LEWIS, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 This class action, designed to effect a settlement between future asbestos claimants and a group of asbestos defendants, was filed on January 15, 1993. The district court granted conditional certification of the plaintiff class, following which several class members moved to intervene. The court denied both intervention of right under Fed.R.Civ.P. 24(a) and permissive intervention under Fed.R.Civ.P. 24(b). However, the district court did assure the proposed intervenors of active participation in the status of objectors to the settlement agreement. The proposed intervenors then appealed from the order denying intervention. The class representatives and the defendants, both of whom opposed intervention, assert that the district court's order is interlocutory and cannot be appealed at this time. We agree that the order is interlocutory, because we find that the objecting class members will be able to appeal from any final order entered in the district court. Therefore, we will dismiss the appeal.
 
 I.
 BACKGROUND
 
 2
 On July 29, 1991, the Judicial Panel on Multidistrict Litigation transferred all federal asbestos personal-injury cases not yet on trial to the Honorable Charles Weiner, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings. In re Asbestos Products Liab. Litig. No. VI, 771 F.Supp. 415 (J.P.M.L.1991). Judge Weiner first attempted to achieve a "global" settlement, but this proved impossible. However, his encouragement of negotiations did lead to many settlements of large groups of cases.
 
 
 3
 Pursuing an apparent common interest in such a settlement, two leading plaintiffs' firms, Greitzer and Locks (the Locks firm) and Ness, Motley, Loadholt, Richardson & Poole (the Motley firm), began negotiations with the Center for Claims Resolution, a consortium of 20 asbestos defendants (the CCR defendants).[1] By early 1993, the Locks and Motley firms and the CCR defendants had reached agreement on a potential settlement for all claims that might be asserted against the CCR defendants in the future. Thus, on January 15, 1993, the Locks and Motley firms filed a class-action complaint, the CCR defendants filed their answer, and the parties filed a stipulation of settlement, jointly moved for conditional class certification, and jointly requested appointment of a special master.
 
 
 4
 The proposed settlement involves a class defined, in part, as all persons exposed to asbestos products who had not, as of January 15, 1993, filed an action in state or federal court against the CCR defendants. By order dated January 29, 1993, the district court granted conditional certification to the proposed class. The class was certified pursuant to Fed.R.Civ.P. 23(b)(3), permitting class members the right to "opt out" and pursue their claims individually if they so desired. The court appointed members of the Locks and Motley firms as class counsel and noted that, if necessary, it might appoint additional class counsel in the future. The court also appointed a special master to assist in discovery and other pre-hearing matters, and designated the Honorable Lowell Reed, Eastern District of Pennsylvania, to conduct hearings on the fairness of the settlement. On May 13, 1993, Judge Reed issued an extensive scheduling order governing possible discovery into matters related to the class settlement, the notice to be provided to absent class members, and the court's preliminary evaluation of the fairness of the settlement. Those proceedings have gone forward during the pendency of this appeal.
 
 
 5
 On February 9, 1993, Shelva D. Wiese and several other members of the plaintiff class (the Wiese parties) moved to intervene.[2] The district court, assuming that the intervention was unopposed, granted the motion by order entered February 19, 1993. However, when the court later realized that both the named class plaintiffs and the CCR defendants opposed the intervention, it allowed them to file objections thereto, and conducted a hearing on March 31, 1993. On April 15, 1993, the court issued a memorandum opinion vacating its earlier grant of the motion to intervene, but without prejudice to the Wiese parties' rights as objectors to the class settlement. In rejecting intervention, the district court concentrated on the Wiese parties' failure to demonstrate that their interests would not be represented adequately by the named class plaintiffs. Thus, in the district court's view, the Wiese parties did not fulfill the requirements for intervention of right under Rule 24(a). Nonetheless, the district court explicitly noted that the Wiese parties would enjoy broad rights of participation in the class action: "As objectors to the class representatives' settlement, they would have the right to appear through counsel, participate in the fairness hearing and conduct discovery. Further, as counsel for CCR point out, they would have standing to appeal the court's approval or disapproval of the class action settlement." (App. at 252.) The court also found that permissive intervention under Rule 23(b) would be denied at that time, because the Wiese parties' status was more appropriately that of objectors than that of intervenors. On April 30, 1993, the Wiese parties filed a notice of appeal from the district court's order denying their motion to intervene.
 
 II.
 DISCUSSION
 
 6
 The Wiese parties assert that an outright denial of a motion to intervene is appealable immediately under the collateral order doctrine. However, the CCR defendants and the class representatives argue that the Wiese parties, as objecting class members, will be able to appeal from any final order in this case. Therefore, the appellees conclude, the Wiese parties must wait until such final disposition to appeal any result, including the denial of intervention, that may be adverse to their interests.
 
 
 7
 There is no doubt that an outsider denied intervention claimed to be of right may take an immediate appeal. Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). Such a proposed intervenor's future involvement in the lawsuit, whether at the trial or appellate level, is foreclosed entirely by the denial of intervention, and the order of denial thus has the requisite finality for appellate review. McKay v. Heyison, 614 F.2d 899, 903 (3d Cir.1980) ("a denial of a motion for intervention of right is clearly appealable under the law in this circuit and does not depend on the merits of the motion"); see also American Lung Ass'n of New Jersey v. Kean, 871 F.2d 319, 325-27 (3d Cir.1989) (in bifurcated action, party denied intervention in liability phase could not later appeal determination of liability; rather, its avenue of relief would have been to appeal denial of intervention).
 
 
 8
 However, anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). Stringfellow was an environmental cleanup action brought by the United States and California against various former owners and operators of an abandoned hazardous waste site. Concerned Neighbors in Action (CNA), a nonprofit organization of persons living near the waste site, sought intervention of right or permissive intervention. The district court granted CNA limited permissive intervention and CNA filed an immediate appeal. The Court of Appeals for the Ninth Circuit found that for purposes of appellate review, the partial denial of the intervention motion was a final order. United States v. Stringfellow, 783 F.2d 821 (9th Cir.1986).
 
 
 9
 However, the Supreme Court reached the opposite result. The Court reasoned that, unlike an outsider completely denied intervention, CNA would be able, by virtue of its status as a permissive intervenor, to seek review from the district court's final judgment. In Stringfellow, the ability to appeal from final disposition was clearly the key factor precluding an immediate appeal from the partial denial of the motion to intervene. See also Alaska v. Federal Energy Regulatory Comm'n, 980 F.2d 761 (D.C.Cir.1992) (in context of ratemaking proceedings, order of FERC limiting Alaska's intervention was not an appealable final order because it did not preclude Alaska from seeking review of any final decision of FERC); Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 550 (1st Cir.1982) (order granting limited intervention was not an immediately appealable final order; "[t]he intervenors were allowed to intervene and, as parties to the suit with full appellate rights in this action, can adequately protect their interests on appeal from a final decision"); Shore v. Parklane Hosiery Co., Inc., 606 F.2d 354, 357 (2d Cir.1979) (order permitting restricted intervention not an immediately appealable final order; "[i]t made appellants parties to the litigation, thus giving them the right to appeal from an unsatisfactory final order. On that appeal, this Court may review the district court's refusal to grant all of appellants' requested relief ...").
 
 
 10
 The Wiese parties argue that Stringfellow is distinguishable because the intervenor there had been granted a limited right of intervention by the district court, whereas the Wiese parties' motions to intervene, either of right or permissively, were denied outright. However, that distinction is not material because of the Wiese parties' status as members of the plaintiff class. Even though the Wiese parties have not been permitted to intervene formally, they retain substantial rights of participation in the lawsuit as objecting class members. Indeed, the district court, in its opinion on the denial of intervention, specifically noted that the Wiese parties retained "the right to appear through counsel, participate in the fairness hearing and conduct discovery," as well as "standing to appeal the court's approval or disapproval of the class action settlement." In this case, while the denial of intervention means that the Wiese parties cannot become class representatives, they nevertheless have other rights to participate as members of the class.
 
 
 11
 The Wiese parties further maintain that, even if Stringfellow stands for the proposition that parties who can appeal the final disposition of a case may not take an immediate appeal from a denial of intervention, they have no assurance of a right to final appeal, and their situation is thus different from that of the Stringfellow intervenors. The Wiese parties posit their inability to bring an ultimate appeal on decisions from other courts of appeals. See Croyden Assocs. v. Alleco, Inc., 969 F.2d 675 (8th Cir.1992) (class member who was not a named plaintiff could not appeal from approval of settlement agreement, where it had not attempted to intervene); Walker v. City of Mesquite, 858 F.2d 1071 (5th Cir.1988) (class members who were not named plaintiffs could not appeal consent decree in fair-housing case); Guthrie v. Evans, 815 F.2d 626 (11th Cir.1987) (class member who was not named plaintiff did not have standing to appeal final judgment).
 
 
 12
 However, that contention fails because, even if the holdings in Croyden, Walker, and Guthrie would preclude final appeals by class members such as the Wiese parties, they are directly contrary to our own holding in Ace Heating & Plumbing Co., Inc. v. Crane Co., 453 F.2d 30 (3d Cir.1971). Ace Heating involved consolidated plumbing-fixture antitrust cases in which aggrieved class members who were not named plaintiffs sought to appeal from the district court's approval of a settlement. Considering the question of whether all class members potentially have a right to appeal a class settlement, in Ace Heating we noted: "Ordinarily, aggrieved class members may appeal any final order of a district court in proceedings held pursuant to Rule 23. This general proposition holds true even though such class members have the right to exclude themselves from the class." Id. at 32. Thus, we found that the aggrieved class members could appeal from the district court's final approval of the settlement. The class members' right to appeal was preserved even though they had known the principal terms of the settlement before the opt-out deadline, and nonetheless had failed to opt out. The Court of Appeals for the Seventh Circuit likewise has indicated that class members have a general right to appeal from a final judgment. Bash v. Firstmark Standard Life Ins. Co., 861 F.2d 159 (7th Cir.1988) (two objecting class members permitted to appeal from approval of settlement).[3] See also Eng v. Coughlin, 865 F.2d 521 (2d Cir.1989) (parties granted limited intervention for discovery purposes had no right to immediate appeal of order partially denying intervention, because limited intervenors would have right to appeal after final judgment).
 
 
 13
 Moreover, when the facts of the Croyden, Walker, and Guthrie cases are examined in detail, those cases do not necessarily support the Wiese parties' contention that class members would not be able to appeal in the present case. In Croyden, a securities class action, the court held that class members who had not attempted to intervene in the district court could not appeal the final approval of a settlement. Thus, Croyden does not apply to class members who, like the Wiese parties, have moved to intervene during the proceedings in district court and have been recognized by the district court as having rather broad rights to participate in the case.
 
 
 14
 Guthrie also is distinguishable from the present case for two reasons. First, there is no indication in Guthrie that the class member who attempted to appeal participated or attempted to participate in the proceedings in the district court. Second, Guthrie involved an appeal in a case litigated to judgment rather than an appeal from an order approving a settlement agreement. We think that a nonparticipating class member in a litigated action clearly would be in a less favorable position with respect to arguing that he has standing to appeal than such a class member in a settled action. Fed.R.Civ.P. 23(e) requires notice to class members of proposed dismissals or compromises of class actions but says nothing of litigated matters. This distinction suggests that a class member who is not a named party would be recognized as having greater rights to participate in a settled case than in a litigated case.
 
 
 15
 Just as Croyden and Guthrie are distinguishable, so too is the third case on which the Wiese parties rely, Walker v. City of Mesquite. The Walker court reached its conclusion that class members could not appeal from a consent decree by following Guthrie. Further, while the Walker appellants had attempted to intervene for purposes of appeal, they, like the Croyden appellant, had not moved to intervene in district court prior to the entry of the final judgment, and thus they did not participate in the proceedings in the district court. Therefore, some of the same factors that distinguish Guthrie and Croyden from the situation of the Wiese parties also distinguish Walker.
 
 
 16
 Altogether, we consider our prior decision in Ace Heating to be controlling here. Insofar as the holdings of other courts of appeals in Croyden, Guthrie, and Walker may contravene the rule of Ace Heating, those holdings do not persuade us that there is any basis for questioning Ace Heating which is, in any event, binding on this panel. In fact, we recently relied upon Ace Heating in permitting objecting shareholders to appeal from the approval of a settlement in a derivative suit. Bell Atlantic Corp. v. Bolger, 2 F.3d 1304 (3d Cir.1993). Our adherence to Ace Heating despite contrary rulings by other courts of appeals, including the rulings of Croyden, Guthrie, and Walker, all of which we cited in Bell Atlantic, is particularly appropriate in the context of a nationwide consolidation of mass tort litigation. See In re Asbestos Products Liab. Litig. No. VI, 771 F.Supp. 415, 421-22 n. 7 (J.P.M.L.1991) (one objective of consolidation of asbestos personal-injury actions is "to minimize the potential for inconsistent decisions from courts of appeals").
 
 III.
 CONCLUSION
 
 17
 The rule of Ace Heating & Plumbing Co., Inc. v. Crane Co., 453 F.2d 30, establishes that the Wiese parties will be able to appeal from the district court's final approval or disapproval of any settlement of this class action. The Wiese parties' right of final appeal in turn brings their situation within the rule of Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 107 S.Ct. 1177, that parties who will be able to appeal from a final judgment will not be permitted to take an immediate appeal from a denial of intervention. Therefore, the denial of intervention to the Wiese parties is not appealable under the collateral order doctrine, and we will dismiss the appeal.
 
 
 
 [1]
 The 20 CCR defendants are Amchem Products, Inc., A.P. Green Industries, Inc., Armstrong World Industries, Inc., Certainteed Corporation, C.E. Thurston & Sons, Inc., Dana Corporation, Ferodo America, Inc., Flexitallic, Inc., GAF Building Materials Corporation, I.U. North America, Inc., Maremont Corporation, National Gypsum Company, National Services Industries, Inc., Nosroc Corporation, Pfizer, Inc., Quigley Company, Inc., Shook & Fletcher Insulation Company, T & N, plc, Union Carbide Chemical and Plastics Corporation, and United States Gypsum Company
 
 
 [2]
 While as a matter of convenience we are calling Wiese and the other members of the plaintiff class who sought to intervene "the Wiese parties," we do not imply that they are "parties" for any purposes beyond those discussed in this opinion
 
 
 [3]
 But see In re VMS Limited Partnership Securities Litig., 976 F.2d 362 (7th cir.1992) (class member could not appeal a postjudgment order). There was a petition for rehearing in Bash in which the petitioner for the first time brought to the court's attention other cases, including Guthrie and Walker, which suggested that the appellants in Bash should not have been recognized as having the right to appeal. The court denied the petition without discussion of the merits of the principle advanced, as it had affirmed the district court and thus the right-to-appeal issue had "no practical consequences." 861 F.2d at 164