Feivel GOTTLIEB; Thomas R. Bloom; Leroy B. Mott; Marialice Mott; Kim Coles; Rosemary T. Martin; Kirk Martin; Mark G. Cucarola, on behalf of themselves and all others similarly situated; and Albert D. Schonbrunn, Plaintiffs–Appellees,

Timothy L. Welch and Dorothy A. Welch, Appellants,

v.

Q.T. WILES; Gerald Goodman; William R. Hambrecht; Gary E. Koenig; Russell E. Planitzer; Paul N. Risinger; Patrick J. Schleibaum; Jesse C. Parker; William P. Lorea; Owen Taranta; Kenneth A. Huff; Warren Perry; Hambrecht & Quist Group; Hambrecht & Quist Venture Partners; Coopers & Lybrand; J.H. Whitney & Co.; J.H. Whitney Associates; Coopers & Lybrand (Singapore); Coopers & Lybrand (Hong Kong); Phoenix Venture (BVI) Limited; H & Q Ventures International C.V.; H & Q Ventures IV; William R. Hambrecht, as Trustees of the Hambrecht 1980 Revocable Trust; Sarah Hambrecht, as Trustees of the Hambrecht 1980 Revocable Trust; Q.T. Wiles Investment Joint Venture I; J.F. Shea Co., Inc.; William R. Timken; Arthur Rock; H & Q Alliance Fund; Hamquist; Banner Partners; Bryco Investments; Peter O. Crisp; H & Q Investors; Crisp Computer Corpora-

---

tion; Edgar L. Lowe; Richard M. Kulp, as Trustees of the Kulp 1983 Revocable Trust; Paloa S. Kulp, as Trustees of the Kulp 1983 Revocable Trust; John R. Johnston; and Ta–Lin Hsu, Defendants–Appellees,

v.

Stewart CARRELL; Charles P. Waite, Jr.; W. Denman Van Ness; Robert O. Evans; Kenneth L. Guernsey; Daniel Case; Theodore H. Heinrichs; Clifford H. Higgerson; Patrick J. Sansonetti; George M. Drysdale; Kenneth B. Hart; and Michael O. Preletz, Third–Party Defendants–Appellees.

Nos. 92–1392, 93–1126 and 93–1205.

United States Court of Appeals, Tenth Circuit.

Dec. 16, 1993.

See also, 150 F.R.D. 174.

Robert J. Van Der Velde (Hartley B. Martyn and Laura DiVincenzo, with him on the briefs) of Martyn & Van Der Velde, Cleveland, OH, for appellants.

Robert F. Hill of Hill & Robbins, Denver, CO (Karen A. Tomb, John H. Evans, and Jeffrey M. Hall of Hill & Robbins, Denver, CO; Josef D. Cooper and Tracy R. Kirkham of Cooper & Kirkham, P.C., San Francisco, CA, with him on the briefs), for plaintiffs-appellees.

H. Alan Dill and Robert Dill of Dill, Dill, Carr & Stonbraker, P.C., Denver, CO; Cary B. Lerman and Andrea M. Gauthier of Munger, Tolles & Olson, Los Angeles, CA, on the brief, for defendant-appellee Q.T. Wiles.

Before McKAY, Chief Judge, HOLLOWAY and GARTH,* Circuit Judges.

---

* Honorable Leonard I. Garth, United States Senior Circuit Judge, United States Court of Appeals

McKAY, Chief Judge.

In this case, we must decide whether, and under what circumstances, an unnamed plaintiff in a class action suit under Federal Rule of Civil Procedure 23 has standing to appeal the approval of a settlement when the named plaintiffs do not wish to pursue an appeal. This is a question of first impression in this circuit. We hold that standing is dependent upon a grant of intervention, a result which we believe to be consistent with the rule in all of the circuits that have directly addressed the issue, and which we believe best serves the policy underlying Rule 23 class actions.

## I. FACTS

A brief statement of the facts underlying this matter is sufficient for our analysis. Timothy and Dorothy Welch, unnamed plaintiffs in a Rule 23(b)(3) class action suit, appealed the district court's approval of a settlement of the suit. Feivel Gottlieb, one of the named plaintiffs in the class action and Q.T. Wiles, one of the defendants ("Appellees" herein), moved to dismiss the Welches' appeal on the grounds that they lacked standing because they had not intervened in the district court proceedings. The Welches then filed a "Renewed Motion to Intervene" as plaintiffs in the district court, renewing a motion they had made earlier, upon which the district court had not ruled. The district court denied this motion on the ground that the Welches' appeal of the approval of the settlement deprived it of jurisdiction. In an order filed on March 29, 1993, this court reserved judgment on the jurisdictional issues raised in the motion to dismiss. Appellants then appealed the district court's denial of their Renewed Motion to Intervene. This court *sua sponte* consolidated the two appeals and remanded the district court's denial of intervention for clarification as to whether it was a determination based on lack of jurisdiction or whether it was on the merits. The district court on remand issued an

for the Third Circuit, sitting by designation.

order deciding on the merits to deny Appellant's motion to intervene because, in that court's view, it was not necessary for unnamed class members to intervene in order to appeal the approval of the settlement. Appellants then appealed this latter denial of their motion to intervene.

The class action suit charged that the Mini–Scribe Corporation, several of its officers and directors, its accountants, and others had engaged in securities fraud. The district court certified the class in October 1990. Notice of the pendency of the action was disseminated pursuant to Rule 23(c), according to procedures approved by the district court, to all persons who had purchased Mini–Scribe stock during the class period. Among those who received this notice were the Welches, who had owned 6,000 shares of Mini–Scribe stock for a period of eight days.[1] After lengthy negotiations, a settlement was proposed and notice of the settlement was sent to the class members pursuant to a court-approved plan, as prescribed by Rule 23(e).

On September 10, 1992, the Welches filed three objections to the settlement. They argued that: (1) the settlement notice violated the due process rights of the class members by failing to inform them of the maximum per-share distribution; (2) the settlement proponents had failed to establish that the proposal was fair, reasonable and adequate, because the court had failed to consider "the ability of the defendants to withstand a greater judgment"; and (3) the requested attorney fees were excessive.[2] The Welches appeared at the Rule 23(e) settlement approval hearing and presented their objections

to the court. (*See* Appellant's App. at 484, 518–528.) On November 27, 1992, the district court issued its final judgment and order, addressing the Welches' objections and approving the proposed settlement. The Welches then appealed.

## II. STANDING

In their Motion to Dismiss, Appellees argue that unnamed members of a class do not have standing to appeal approval of a settlement unless the district court has granted them intervenor status pursuant to Rule 24. The Welches respond that unnamed class members are parties for purposes of appeal, regardless of whether they have been granted intervenor status. Alternatively, the Welches argue that all that is required is that an unnamed class member attempt to intervene, which they did.[3]

■ Rule 23 was intended to promote the efficient resolution of claims in cases involving multiple parties with similar claims, to eliminate repetitious litigation, and to avoid inconsistent judgments. To that end, the Rule elaborates comprehensive procedures to be followed in class actions. These procedures represent a careful balancing of the need for efficiency with the need to ensure adequate protection for the individual members of the class, factors not present in non-class action contexts. Cases addressing standing in other contexts are therefore inapplicable. *See, e.g., In re Grand Jury Proceedings, Vargas,* 723 F.2d 1461 (10th Cir. 1983), *cert. denied,* 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984) (holding that client had standing to appeal court's order to client's

---

1. There is some dispute as to whether the Welches actually filed a proof of claim form so as to be eligible to participate in the settlement. For purposes of this opinion, we assume that the Welches did timely file a proof of claim form and are accordingly members of the class entitled to participate in the settlement. *See supra* Part IV.

2. The issue of attorney fees is not before this court, the district court having referred the calculation of attorney fees to a special proceeding before a magistrate. (*See* Final Judgment and Order Approving Class Action Settlement at 5, Appellant's App. at 420.)

3. The Welches argued in their reply brief that Class Counsel's failure to appeal from the district

court's determination that intervention is unnecessary somehow means that the issue is not preserved for appeal. (Appellant's Reply Brief at 4–8.) Since the Welches' lack of standing to appeal absent intervention would necessarily deprive this court of jurisdiction to decide the merits of the Welches' appeal of the settlement, Class Counsel's preservation of the issue is irrelevant. It is well-settled that this court has an independent duty to inquire into its jurisdiction over the dispute, even where neither party contests it. *See Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

attorney to appear before grand jury, since client fully participated in the hearing); *Dietrich Corp. v. King Resources Co.,* 596 F.2d 422 (10th Cir.1979) (permitting attorney who was neither a party nor an attorney of record to appeal court's order determining his compensation as a consultant, since the attorney's property interests were at stake). We address the standing issue in light of this balancing of interests.

The Eleventh Circuit, in *Guthrie v. Evans,* 815 F.2d 626 (11th Cir.1987), set forth three reasons for requiring an unnamed class member to intervene formally in the action in order to gain standing to appeal approval of the settlement. First, unnamed class members cannot represent the class absent the procedures set forth in Rule 23 for the certification of class representatives. *Guthrie,* 815 F.2d at 628. Under Rule 23(a), the district court must make a preliminary, affirmative determination that the proposed class representatives' claims are typical of those of the class as a whole, and that the representatives will fairly and adequately represent the interests of the class members. While the court has made that determination with regard to the named plaintiffs in this action, it has made no such determination with regard to the Welches. Nor have the Welches made any serious attempt to attack the adequacy of the representation afforded by the named plaintiffs in this suit. Rather, the entire focus of the Welches' attack is on the district court's determination that the settlement was fair.[4] Permitting unnamed class members to pursue an appeal contrary to the wishes of the named class representatives would effectively substitute the unnamed members for the certified class representatives. Such a rule would undermine class action suits by allowing any and all unnamed class members to relitigate the suit without any indication

that the named plaintiffs were improperly certified. In this regard, we note that one of the requirements for certification of class representatives is that their interests be wholly compatible with, and not antagonistic to, those whom they would represent. 3B Moore's Federal Practice ¶ 23.07[3], at 23–212. Since in this case the Welches are the only class members to have objected to the terms of the settlement, their interests are not compatible with those of the other members of the class, and the Welches would thus be ineligible to represent the class. *See Fowler v. Birmingham,* 608 F.2d 1055, 1058 (5th Cir.1979) (any antagonism between the interests of the named plaintiffs and the class members must be considered in determining the adequacy of representation). Since neither of the requisite determinations have been made with respect to the unnamed class members, Rule 23(a) excludes the possibility that those class members have standing to appeal the approval of the settlement.

Second, as the *Guthrie* court noted, Rule 23 provides other recourse for unnamed class members who disagree with the course taken by the class representatives. *Guthrie,* 815 F.2d at 628. In the event that the unnamed class members can establish that the current representation is inadequate, they may be entitled to intervention as of right under Federal Rule of Civil Procedure 24(a)(2). Intervention to protect the rights of unnamed class members was explicitly contemplated by the Advisory Committee in adopting Rule 24. *See* Notes of Advisory Committee on Rules to the 1966 Amendment to Fed. R.Civ.P. 24, 28 U.S.C.App. at 607 (1988). Since a denial of a motion to intervene of right is immediately appealable, *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987),

---

**4.** In their Memorandum of Points and Authorities in Support of Motion to Intervene as Plaintiff ("Memorandum"), the Welches do raise the adequacy of the representation as support for their right to intervene under Rule 24(a), as is required for such intervention. (Memorandum at 4–5.) However, this is the only time the Welches have argued that the representation was inadequate, and the only support for this alleged inadequacy is essentially that the Welches disagree with the proposed settlement. Moreover, even assuming that the Welches are correct in arguing

that the representation was inadequate because the named plaintiffs did not present their arguments to the district court, a proposition that we do not necessarily accept, such inadequacy was cured by the Welches' active participation in the Rule 23(e) settlement approval hearing and by the district court's explicit addressing of the Welches' objections in its order approving the settlement. (*See* Findings, Conclusions and Order Approving Settlement and Plan of Distribution of Proceeds at 9–10, Appellants' App. at 434–35.)

the interests of the unnamed class members are adequately protected.

Additional reasons exist for denying standing to unnamed class members in Rule 23(b)(3) class actions that do not exist in class actions under Rules 23(b)(1) or (b)(2). Class actions under Rule 23(b)(3) enjoy the added protections offered by the notice and opt-out provisions of Rule 23(c). Under this rule, the court must direct to the members of the class "the best notice practicable under the circumstances" of the pendency of the class action. This notice, combined with the opt-out provision, is intended to protect the individuals' interest in pursuing their own litigation rather than participating in a class action. *See* Notes of Advisory Committee on Rules to the 1966 Amendment to Fed. R.Civ.P. 23(c)(2), 28 U.S.C.App. at 604 (1988); *id.,* Note to Rule 23(d)(2), 28 U.S.C.App. at 605.

Third, we agree with the Eleventh Circuit that the underlying policy rationale of Rule 23 class actions weighs heavily against granting unnamed class members standing to appeal absent formal intervention. *See Guthrie,* 815 F.2d at 629. Rule 23 class actions were designed to unify and render manageable litigation involving numerous members of a homogenous class who would otherwise each have access to the courts through individual lawsuits. 7A C. Wright & A. Miller, Federal Practice and Procedure § 1751, at 8 (2d ed. 1986). If individual appeals without formal intervention were to be permitted, the class action would break down under the burden of unpredictable and unlimited individual actions. Such a result would directly conflict with the goals of Rule 23 and would eviscerate the utility of the class action suit.

█ For the above reasons, we agree with the Eleventh Circuit that formal intervention is a prerequisite to an unnamed class member's standing to appeal, at least in the absence of any violations of the Rule 23 procedures intended to protect the rights of those

unnamed class members. We note that the Eighth and Fifth Circuits have recently come to the same conclusion. *See Croyden Assoc. v. Alleco, Inc.,* 969 F.2d 675 (8th Cir.1992); *Walker v. City of Mesquite,* 858 F.2d 1071 (5th Cir.1988).

While the Welches cited several cases from other circuits in support of their position, we believe that a close review of these cases indicates that there is no true conflict. In several of these cases, the courts permitted unnamed class members to appeal. However, despite apparently broad language, we are of the view that these cases are distinguishable because in each case at least one of the specific protective mechanisms of Rule 23 was not heeded. Accordingly, the unnamed class members were deprived of the protection that forms such an integral part of the Rule 23 action. *See, e.g., Silber v. Mabon,* 957 F.2d 697, 700 (9th Cir.1992) (Appellant had not received notice of pendency of class action until after opt-out deadline, thus depriving him of opportunity to exclude himself. Court held only that objector had standing to appeal the constitutionality of the notice procedures, not to appeal the settlement itself.); *Sertic v. Carpenters Dist. Council,* 459 F.2d 579, 581 (6th Cir.1972) (District court consent orders were entered without any notice to class members or opportunity to object. The court noted that "[i]f such notice to the class and opportunity to present adverse claims was not required ..., we would be forced to conclude that appellant ... has no standing to bring the appeal."); *Philadelphia Hous. Auth. v. American Radiator & Standard Sanitary Corp.,* 322 F.Supp. 834, *aff'd sub nom Ace Heating & Plumbing Co. v. Crane Co.,* 453 F.2d 30 (3d Cir.1971) (settlement negotiated prior to certification of class, by plaintiffs not yet certified as "fairly and adequately" representing the class, and settlement approved by court without opportunity to appear and present objections pursuant to Rule 23(e)).[5]

---

5. *But see Carlough, et al. v. Amchem Prod., Inc., et al.,* 5 F.3d 707 (3d Cir.1993). In this recent case, which the Welches cited as supplemental authority, the Third Circuit held that a district court order denying intervention to objectors to a settlement in a class action suit was interlocutory and could not be immediately appealed. The

court stated that "anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal" from a denial of intervention, *id.* at 712, and noted that the district court had assured the appellants that they would be able to participate fully in the settlement approval hear-

These cases thus present circumstances, not present here, in which the careful balancing of interests inherent in Rule 23 was skewed. We also note that the Sixth Circuit recently followed *Guthrie*, holding that unnamed class members had no standing to appeal from the approval of a settlement. *Police Officers for*

ings and that they would have standing to appeal the approval of the settlement. *Id.* at 713. The Third Circuit rejected the appellants'·claim based on the holdings in *Guthrie, Croyden,* and *Walker,* that they had no assurance that they would be able to appeal. The court held that these cases were distinguishable from the case at bar. *Id.* 5 F.3d at 713–14. The court also stated that whether these cases were distinguishable or not, they were directly contrary to the holding in *Ace Heating,* and thus were precluded under Third Circuit precedent. *Id.* 5 F.3d at 713.

We respectfully disagree with the Third Circuit's analysis of *Guthrie, Croyden,* and *Walker.* First, while the *Carlough* court stated that *"Croyden* does not apply to class members who ... have *moved* to intervene," *id.* 5 F.3d at 713–14 (emphasis added), the *Croyden* court spoke of the appropriateness of "requir[ing] intervention as a condition for appeal," and stated that "intervention to allow assertion of all objections ... represents a preferable method of resolving such differences." *Croyden,* 969 F.2d at 680. We believe that this language ·indicates that a mere motion to intervene is not sufficient to gain standing to appeal under *Croyden* and that the objectors must have actually been granted intervenor status. Moreover, we observe that the *Croyden* court noted the availability of immediate appeal from a denial of intervention. *Id.* 969 F.2d at 678. If *Croyden* merely required a *motion* to intervene, then, as the Third Circuit stated in *Carlough,* a denial of such motion would not be immediately appealable as a collateral order.

Second, the *Carlough* court distinguished *Guthrie* on the ground that "there is no indication ... that the class member who attempted to appeal participated or attempted to participate in the proceedings in the district court." *Carlough,* 5 F.3d at 714. We believe that the holding in *Guthrie* is not dependent on whether the unnamed class member had participated in the district court proceedings. As the *Carlough* court noted, there is "no indication" that the appellant had participated in the district court proceedings; if the lack of participation had been relevant to the Eleventh Circuit, we believe that there would be some indication in the decision as to whether the appellant had participated or not. Furthermore, the language and rationale of *Guthrie* both indicate that unnamed class members may not appeal, regardless of whether they have participated in the settlement proceedings. *Cf. Shores v. Sklar,* 844 F.2d 1485, 1491 (11th Cir.1988) ("As we explained in *Guthrie,* an unnamed member of a class action always has the option of moving to intervene in the course of

*Equal Rights v. City of Columbus,* 865 F.2d 260 (6th Cir.1988) (unpublished disposition, text available on LEXIS).[6]

For the same reason, cases holding that an unnamed plaintiff in a shareholder derivative suit under Rule 23.1 has standing to appeal are inapposite. *See, e.g., Bell Atlantic Corp.*

the class action if he disagrees with the course of proceedings taken by the representative party. If the district court denies the motion to intervene, the unnamed class member may appeal that denial immediately."), *vacated and reh'g en banc granted,* 855 F.2d 722 (11th Cir.1988), *and reinstated in pertinent part,* 885 F.2d 760, 760 n. 1 (11th Cir.1989), *cert. denied,* 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990); *and cf. Research Corp. v. Asgrow Seed Co.,* 425 F.2d 1059, 1060 n. 2 ("We need not consider the factual questions concerning the degree of participation by appellants in the settlement hearing and negotiations since the failure of appellants formally to intervene, after receipt of notice under Fed. R.Civ.P. 23(e) before final judgment forecloses their right to appeal.").

The Third Circuit also distinguished *Walker* on the grounds that the appellants had not participated in the district court proceedings. *Carlough,* 5 F.3d at 714. Again, we believe that the holding and rationale of *Walker,* which were closely tied to those in *Guthrie,* are not dependent on such participation.· *Cf. Walker,* 858 F.2d at 1074 n. 1 (concluding only that "individual, nonnamed class members do not have standing to appeal the final judgment in a class action," with no mention of participation at all).

Regardless of our disagreement with the Third Circuit's analysis of *Guthrie, Croyden,* and *Walker,* we do not believe that the *Carlough* court's reiteration of the holding in *Ace Heating* precludes a distinction between the rules set forth in *Carlough* and *Ace Heating* and the rule we adopt today. *Carlough* involved a situation similar to that in *Ace Heating,* where the settlement was negotiated between certain plaintiffs and defendants, prior to the district court's certification of the class and of the adequacy of the plaintiffs' representation of the absent class members. *See Carlough,* 5 F.3d at 711. Thus, in both *Carlough* and *Ace Heating,* unlike in the present case, the specific protective mechanisms envisioned by the drafters of Rule 23 were not engaged.

6. Pursuant to Sixth Circuit Rule 24, citation of unpublished Sixth Circuit decisions in courts within that circuit is generally disfavored. However,

> If counsel believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such decision may be cited if counsel serves a copy thereof on all other parties in the case and on the court.

6th Cir.R. 24(c).

*v. Bolger,* 2 F.3d 1304 (3d Cir.1993). Rule 23.1 does not offer the same protective mechanisms offered by Rule 23. Unlike class actions under Rule 23, in shareholder derivative suits under Rule 23.1, a preliminary affirmative determination that the named plaintiffs will fairly and adequately represent the interests of the other class members is not a prerequisite to the maintenance of the action. Rather, the rule provides only that the derivative suit may not be maintained if it appears that the named shareholder does *not* fairly and adequately represent the other shareholders. Fed.R.Civ.P. 23.1. In addition, there is no opt-out provision in shareholder derivative suits. Thus, all shareholders are bound by the outcome regardless of their objections. Finally, as the Third Circuit noted, one of the risks peculiar to shareholder derivative actions is that "[p]laintiffs' attorneys and the defendants may settle in a manner adverse to the interests of the plaintiffs by exchanging a low settlement for high fees. Such a risk cautions against creating obstacles to challenging derivative action settlement agreements." *Bell Atlantic,* 2 F.3d at 1310; *see also* Notes of Advisory Committee on Rules to the 1966 Addition of Rule 23.1, 28 U.S.C.App. at 605 (1988) (noting distinctive aspects of shareholder derivative suits justifying treatment separate from other class action suits).

On the other hand, the Seventh Circuit recently stated in dictum that, under Seventh Circuit precedent, an unnamed class member would have standing to appeal the approval of a class action settlement. *In the Matter of VMS Ltd. Partnership Sec. Litig.,* 976 F.2d 362, 368 (7th Cir.1992). The court in *VMS* cited *Research Corp. v. Asgrow Seed Co.,* 425 F.2d 1059 (7th Cir.1970), for this proposition. While the Seventh Circuit is obviously the authoritative interpreter of its precedents, we believe a close examination of *Asgrow* reveals that this is not an accurate statement of the holding of that case. *Asgrow* involved two class action proceedings, a patent infringement case and an antitrust case. Each was certified as a class action under different sections of Rule 23; the patent case was certified under Rule 23(b)(1) and (b)(2), while the antitrust proceeding was certified under Rule 23(b)(3). *See Research Corp. v. Pfister*

*Associated Growers, Inc.,* 301 F.Supp. 497, 500, 502 (N.D.Ill.1969). The Seventh Circuit in *Asgrow* did state that "[i]f a class member intervenes or even appears in response to a notice pursuant to Fed.R.Civ.P. 23(e) and objects to the dismissal or compromise, he has a right to appeal from an adverse final judgment." *Asgrow,* 425 F.2d at 1060 (citation omitted). However, this statement referred only to the patent infringement case. Since Rules 23(b)(1) and (b)(2) do not have an opt-out provision, *see* Fed.R.Civ.P. 23(c)(2), the case is similar to that of shareholder derivative suits under Rule 23.1. With regard to the antitrust aspect of the case, which had been certified under Rule 23(b)(3), the *Asgrow* court explicitly stated that "the failure of appellants formally to intervene ... forecloses their right to appeal." *Id.* at 1060 n. 2 and text accompanying note. *See also, In re General Motors Corp. Engine Interchange Litig.,* 594 F.2d 1106, 1121 (7th Cir.) (a Rule 23(b)(3) class action in which the court stated that in *Asgrow* it had "held that the failure of the appellants to intervene in the action foreclosed their right to appeal"), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). Thus, in the only portion of the *Asgrow* decision directly parallel to the situation in this case, the Seventh Circuit held that formal intervention was a prerequisite to the right to appeal. The dictum in *VMS* appears to ignore the distinction between the two holdings in *Asgrow.* Since *VMS* was a Rule 23(b)(3) class action, it appears that the portion of *Asgrow* pertaining to such actions should have controlled in *VMS,* rather than the portion pertaining to class actions under Rules 23(b)(1) or (b)(2).

Despite the above-mentioned dictum in *VMS,* we believe that the tone of *VMS* indicates that the Seventh Circuit will ultimately adopt the rule we set forth today. In *VMS,* the Seventh Circuit expressly followed *Guthrie* in holding that an unnamed class member who had not intervened had no standing to appeal a post-settlement order implementing the settlement agreement. *VMS,* 976 F.2d at 368–69. Thus, even assuming that the Seventh Circuit considers itself bound by *Asgrow* on the question of whether an unnamed class member in a Rule 23(b)(3) class

action may appeal from the approval of the settlement, the *VMS* court limited the effect of that ruling by distinguishing it from an appeal of a post-settlement order implementing the settlement. We see no apparent reason for this distinction, and we believe that when the issue arises directly, the Seventh Circuit is likely to follow *Guthrie* as well. *Cf. id.* 976 F.2d at 368 n. 8 ("[W]e offer no opinion on the merit of *Guthrie*'s principle as applied to an unnamed class member who appeals the approval of a consent decree. That is not the issue in this case.... We are drawing on *Guthrie*'s reasoning, however, to address the related issue of whether an unnamed class member can appeal a post-settlement order implementing the settlement agreement.").[7]

Regardless of how the Seventh Circuit ultimately decides the issue, we hold that the policy underlying class actions under Rule 23 is best served by requiring an unnamed class member in a class action under Rule 23 to move formally to intervene and to be granted intervenor status in order to gain standing to appeal the adequacy of the settlement. While it is possible to distinguish class actions under Rule 23(b)(1) and (b)(2) from those under Rule 23(b)(3), we believe that the policy can only be accommodated by applying the same rule to all class action suits.

## III. DUE PROCESS CLAIMS

 The Welches have asserted several claims of due process violations in the notice provided to class members regarding the proposed settlement. The Welches do have standing to raise these claims, *see Silber*, 957 F.2d at 700, and if the notice of the settlement were constitutionally deficient, then the Welches would have standing to appeal the approval of the settlement.[8] We therefore address the due process claims. In doing so, we note the distinction between the notice mandated by Rule 23(c)(2) and that required under Rule 23(e). Rule 23(c)(2) requires notice of the pendency of the class action to be "the best notice practicable under the circumstances." Such notice is essential in order to ensure that class members who desire to pursue their own claims individually have the opportunity to exercise their right to opt out of the class. Rule 23(e), by contrast, imposes a lower standard, requiring notice of a proposed settlement to be given "in such manner as the court directs." Fed.R.Civ.P. 23(e); *see Zimmer Paper Products, Inc. v. Berger & Montague*, 758 F.2d 86, 90 (3d Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 227 (1985). The lower standard is justified because the court has already certified that the class representation would be fair and adequate, and the unnamed class members have already made the decision to allow the named plaintiffs to represent them. As the Advisory Committee stated, it is the mandatory notice required under subsection (c)(2), together with any discretionary notice given under subsection (d)(2), that is designed to fulfill due process require-

---

7. The day before this opinion was to be filed, we happened upon the following comment: "Most distressing in all of these decisions [following *Guthrie*] is the failure to give so much as a footnote to the numerous cases from other circuits holding to the contrary." Timothy A. Duffy, Note, *The Appealability of Class Action Settlements by Unnamed Parties*, 60 U.Chi.L.Rev. 933, 943 (1993). While we disagree with this student's analysis, we trust that the preceding pages will not compound his distress.

8. Appellees argue that the Welches lack standing to raise the due process claims, citing *Zablocki v. Redhail*, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). *Zablocki* concerned a class action challenging a Wisconsin statute prohibiting remarriage by men with children from a previous marriage, absent a showing that the man's child support obligations would be met. The appellant in *Zablocki* argued that due process required

prejudgment notice to the members of the defendant class. The Supreme Court stated that "[a]s this issue has been framed, however, we cannot perceive appellant's 'personal stake in the outcome' " and held that the appellant lacked standing to raise this claim. *Id.* at 380–81 n. 6, 98 S.Ct. at 678 n. 6 (citation omitted). The issue in *Zablocki*, however, concerned the binding effect of the judgment on the unnamed class defendants. Because the appellant, as the named defendant, would be bound regardless of whether the unnamed defendants were bound, the appellant had no personal stake in the outcome. Here, the issue involves the Welches' contentions that the settlement agreement is inadequate, and that the alleged deficiency in the notice procedures undermined their efforts to increase the settlement fund. Since the Welches have a stake in the amount of the settlement, they have a sufficient personal stake in the outcome to raise the due process claims.

ments. Notes of Advisory Committee on Rules to the 1966 Amendment to Fed. R.Civ.P. 23(d)(2), 28 U.S.C.App. at 605 (1988). While due process and Rule 23(e) require notice of a settlement to be given, the content and form of that notice are left to the court's discretion. The standard for the settlement notice under Rule 23(e) is that it must "fairly apprise" the class members of the terms of the proposed settlement and of their options. 3B Moore's Federal Practice ¶ 23.80[3], at 23–484.

The Welches argue that the notice of the settlement was constitutionally deficient because it did not assure individual notice, and because the published notice was inadequate. Consequently, they argue, the notice was not the best notice practicable under the circumstances. This argument ignores the above distinction between the notice required under Rule 23(c)(2) and the notice required under Rule 23(e). While Rule 23(c)(2) requires individual notice when the names of the individuals can be easily ascertained, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140, 2150, 40 L.Ed.2d 732 (1974), there is no such rigid requirement under Rule 23(e). Moreover, as Appellants acknowledge, the published notice, whatever its alleged deficiencies, "generated a significant response." (Appellants' Br., Case No. 92–1392 at 16.) We need not decide under what circumstances notice provided pursuant to Rule 23(e) might be so deficient as to constitute no notice at all. We hold that this was not the case here. Accordingly, there was no due process violation.

The Welches also claim that the settlement notice was deficient because it did not specify the exact formula to be used in calculating the amounts to be awarded to the individual class members. This argument must also fail. It is not necessary to give all of the details of the settlement, but only to "fairly apprise" the class members of the terms of the settlement. The notice provided was sufficient for this purpose.

The Welches further argue that the notice of the settlement was constitutionally deficient because it failed to inform the class members of the need to intervene in order to preserve their right to appeal from the approval of the settlement. Since the Welches did in fact move to intervene, they have not shown any injury resulting from such alleged deficiency, and therefore have no constitutional standing to raise this argument. We note in passing, however, that Rule 23(e) requires only notice of the proposed dismissal or compromise, not a tutorial on the Rules of Civil Procedure.

Finally, the Welches argue that the trial court erred in finding that the actual notice of the settlement complied with the requirements of its order of July 9, 1992. The district court stated in its Final Judgment and Order Approving Class Settlement that "[i]t appears ... that there has been full compliance with the Court's directives with respect to notice to the Class." (Appellants' App. at 420.) This is a factual finding subject to the clearly erroneous standard. The district court is in the best position to determine whether its orders have been complied with, and we cannot hold that this determination was clearly erroneous.

Accordingly, we hold that the Welches have not demonstrated any constitutional violation that might afford them standing to appeal in this matter.

## IV. ABUSE OF DISCRETION

As we noted above, the district court denied the Welches' motion to intervene on the ground that intervention was not necessary to enable the Welches to appeal from the approval of the settlement. Since we decide otherwise, in the current posture of this case, the Welches lack standing to appeal. We therefore would not ordinarily have the occasion to consider the merits of the Welches' objections unless we first remanded to the district court for a ruling on the motion to intervene in light of our decision today. However, the standing rule we adopt today is founded upon prudential, rather than constitutional concerns. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498–502, 95 S.Ct. 2197, 2204–07, 45 L.Ed.2d 343 (1975) (discussing distinction between constitutional and prudential standing doctrine). In the case *sub judice*, those prudential concerns, specifically the efficient resolution of multiparty litigation, would not

be served by applying the rule. A remand to the district court for the limited purpose of obtaining a ruling on the Welches' motion to intervene would accomplish nothing more than the imposition of further unnecessary delays on the final resolution of this class action. The parties have expended considerable time and effort briefing and arguing the objections to the settlement before both the district court and this court. The record is replete with information on the Welches' objections and the Appellees' responses thereto. The district court gave the Welches the opportunity to participate fully in the settlement approval proceedings, and specifically ruled on the merits of the Welches' objections. We hold that, under the unique circumstances of this case, and in light of the fact that the rule we adopt was not readily apparent prior to our decision in this case, the concerns underlying the rule indicate that we should waive the standing requirement in this case. We therefore proceed to address the merits of the Welches' objections to the settlement.

As a preliminary matter, however, we must resolve the issue of the Welches' eligibility to participate in the settlement. If the Welches are ineligible to participate in the settlement, then they have no constitutional standing to raise their objections because they lack any interest in the case. There is some dispute as to whether the Welches actually filed a proof of claim form. (*See* Brief of Class Plaintiffs/Appellees at 12–13 and n. 4.) After this dispute arose, the Welches filed a Motion for Allowance of Claim with the district court. (Appellee's Supp.App. Vol. II at 439–50.) The district court deferred ruling on the Welches' motion.

This matter requires only minimal analysis, as we must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206. We therefore accept as true the Welches' assertion that they filed a proof of claim form and are accordingly eligible to participate in the settlement.

Before us are two objections that the Welches presented to the settlement approved by the district court. The first, concerning the adequacy of the notice procedures employed in informing the class of the terms of the settlement, we have already disposed of in the context of due process. The second, the Welches' claim that the district court abused its discretion by failing to consider adequately evidence of defendant Coopers and Lybrand's financial condition and ability to withstand a greater judgment, need not detain us long.

██ The authority to approve a settlement of a class action suit is committed to the sound discretion of the trial court, and we will not set aside such a settlement absent an abuse of discretion. *Jones v. Nuclear Pharmacy, Inc.,* 741 F.2d 322, 324 (10th Cir.1984). In *Jones,* we set out four factors that the trial court "should" consider in assessing whether a proposed settlement is fair, reasonable and adequate. *Id.* Notwithstanding the strenuous assertions of Appellants' Counsel to the contrary, "all" courts do not require that the trial court consider the financial condition of the defendants in assessing the adequacy of the settlement. Specifically, this court has never so held. In *Jones,* we set out the following four relevant factors:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Id.* at 324. Appellants attempt to fit their financial condition factor into the third *Jones* factor, arguing that "[w]ithout any information as to the defendants' financial condition and ability to pay, the trial court cannot determine the *value* of the settlement being proposed; and thus is incapable of exercising its discretion in considering the third *Jones* factor." (Appellants' Reply Brief at 7.) This argument is apparently based on a belief that "value" has some metaphysical import aside from its plain meaning; that a settlement cannot have value to the plaintiffs unless it

satisfies their desire for retribution by destroying the defendant. The value of the immediate recovery is quite simply that; the monetary worth of the settlement. The financial condition of the defendant is irrelevant to a determination of the value of the settlement. Under the third *Jones* factor, that value is to be weighed not against the net worth of the defendant, but against the possibility of some greater relief at a later time, taking into consideration the additional risks and costs that go hand in hand with protracted litigation.

While some courts may have considered the defendants' financial viability, *see, e.g., Alvarado Partners, L.P. v. Mehta,* 723 F.Supp. 540, 547 (D.Colo.1989), we have never held that courts are required to do so. Nor need we reach the question here, because after thoroughly reviewing the record, we conclude that the district court did, in fact, consider the defendants' financial condition. (*See, e.g.,* Findings, Conclusions and Order Approving Settlement and Plan of Distribution of Proceeds at 9, Appellants' App. at 434; Transcript of Fairness Hearing at 38–44, Appellants' App. at 521–27; Transcript of Attorney Fee Application Hearing at 160–61, Class Plaintiffs/Appellees' Supp. App. Vol. II at 513–14). The district court gave full consideration to defendant Coopers and Lybrand's potentially wide exposure to liability in other pending lawsuits arising out of the Mini–Scribe affair, in determining that the settlement was reasonable. The district court also considered the additional risk posed to the plaintiff class arising from the fact that, pursuant to the court's order setting the related bankruptcy case for trial before the class action, any judgment ultimately obtained in the class action would be subject to the availability of funds after resolution of the bankruptcy case.

The Welches argue that the district court had an independent duty to analyze the evidence, and that the district court in this case erred in not requiring additional evidence of defendant Coopers and Lybrand's financial condition. Independent analysis does not mean, however, that the district court must conduct a foray into the wilderness in search of evidence that might under-

mine the conclusion that the settlement is fair. Rather, as the Welches acknowledge, the district court must independently analyze the evidence *before* it in making its determination; it may not rely solely upon the assertions of the proponents of the settlement as to what the evidence shows. (*See* Appellants' Reply Brief at 4 (quoting 1 H. Newberg & A. Conte, *Newberg on Class Actions 3d,* § 11.-14)). It is the responsibility of the proponents of the settlement to provide sufficient evidence to support a conclusion that the settlement is fair, and where the proponents have failed in this regard, the district court may be justified in requiring more evidence, or in declining to approve the settlement. However, as we stated in *Jones,*

> [a]lthough the parties reaching the settlement have the obligation to support their conclusion to the satisfaction of the District Court, once they have done so, they are not under any recurring obligation to take up their burden again and again *ad infinitum* unless the objectors have made a clear and specific showing that vital material was ignored by the District Court.

*Jones,* 741 F.2d at 325 (quoting *Weinberger v. Kendrick,* 698 F.2d 61, 80 (2d Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983)). We conclude that the settlement proponents met their obligation, and that there was sufficient evidence on which the district court could base its decision to approve the settlement. The Welches failed to make a clear and specific showing that the district court ignored vital information. On the facts of this case, therefore, we cannot conclude that the district court abused its discretion in failing to conduct a factual inquiry to gain additional evidence that might or might not have supported Appellants' claims that Coopers and Lybrand could have paid more.

## V. CONCLUSION

To summarize, we hold that an unnamed class member must formally move to intervene and must be granted intervenor status in order to have standing to appeal the approval of a settlement in a class action under Rule 23. We deny the Welches' claim to standing to appeal to the extent it is based

upon alleged constitutional deficiencies in the notice of the settlement. Because the prudential concerns underlying the rule we adopt today would be disserved by applying it to this case, and because the record is adequate to resolve the merits of the Welches' objections to the settlement, we address those objections, and we AFFIRM the district court's approval of the settlement.

AFFIRMED.