**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

No. 16-4414
_____

THE ISLAMIC SOCIETY OF BASKING RIDGE;
MOHAMMAD ALI CHAUDRY

v.

TOWNSHIP OF BERNARDS; BERNARDS TOWNSHIP PLANNING BOARD;
BERNARDS TOWNSHIP COMMITTEE; BARBARA KLEINERT, in her official
capacity; JEFFREY PLAZA, in his official capacity; JIM BALDASSARE, in his official
capacity; JODI ALPER, in her official capacity; JOHN MALAY, in his official capacity;
KATHLEEN "KIPPY" PIEDICI, in her official capacity; LEON HARRIS, in his official
capacity; PAULA AXT, in her official capacity; RANDY SANTORO, in his official
capacity; RICH MOSCHELLO, in his official capacity; SCOTT ROSS, in his official
capacity; CAROL BIANCHI, in her official capacity; CAROLYN GAZIANO, in her
official capacity; THOMAS S. RUSSO, JR.; JOHN CARPENTER, in his official
capacity

*Michael S. Barth, Appellant
(*Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-16-cv-01369)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 23, 2017
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 8, 2017)

---

OPINION[*]

---

PER CURIAM

Michael S. Barth, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey denying his motion to intervene in an action filed by the Islamic Society of Basking Ridge and Mohammad Ali Chaudry (collectively, "Plaintiffs") against Bernard Township and entities and individuals associated with the Township (collectively, "Township"). Because the appeal does not present a substantial question, we will grant the Plaintiffs' motion to summarily affirm the order of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In March 2016, the Plaintiffs filed an action alleging that the Township violated federal and state laws in connection with the denial of an application to build a mosque. According to the Plaintiffs, Barth, as a member of the public, objected to the mosque application at numerous hearings. Although Barth was not named as a defendant, the Plaintiffs served him with a subpoena, seeking documents related to his participation in the application process. In response, Barth, citing Rule 24 of the Federal Rules of Civil Procedure, filed a motion to intervene for the "limited purpose" of filing "a motion to dismiss Plaintiffs' complaint as lacking standing under" the Religious Land Use and Institutionalized Persons Act (RLUIPA). While Barth's motion to intervene was

2

pending, the Plaintiffs withdrew the subpoena. The District Court denied intervention as of right and permissive intervention, holding that Barth failed to establish (1) a sufficient interest in the litigation, (2) that his interests were not adequately represented by the Township, and (3) that his claim that shared a common question of law or fact with the main action. Barth appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. See Carlough v. Amchem Prods., Inc., 5 F.3d 707, 712 (3d Cir. 1993) ("There is no doubt that an outsider denied intervention claimed to be of right may take an immediate appeal. Such a proposed intervenor's future involvement in the lawsuit . . . is foreclosed entirely by the denial of intervention, and the order of denial thus has the requisite finality for appellate review.") (citation omitted). "This Court reviews a district court's denial of permissive intervention and intervention of right for abuse of discretion but applies a more stringent standard to denials of intervention of right." Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa., 701 F.3d 938, 947 (3d Cir. 2012) (internal quotation marks omitted). Under this more stringent standard, we will not disturb a District Court's decision unless that court "applied an improper legal standard" or reached a decision that we are "confident is incorrect." In re Pet Food Prods. Liab. Litig., 629 F.3d 333, 349 n.26 (3d

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We note that the District Court has granted the Plaintiffs' motion for partial judgment on the pleadings. See Islamic Soc'y of Basking Ridge v. Twp. of Bernards, -- F. Supp. 3d --, 2016 WL 7496661 (D.N.J. Dec. 31, 2016).

Cir. 2010) (quoting United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1179 (3d Cir. 1994)).

A litigant seeking to intervene pursuant to Rule 24(a)(2) must establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). Each requirement "must be met to intervene as of right." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted).

Barth failed to demonstrate that his interest was sufficient to warrant intervention as of right. Fed. R. Civ. P. 24(a). We have stated that "the legal interest asserted must be a cognizable legal interest, and not simply an interest 'of a general and indefinite character.'" Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1116 (3d Cir. 1992) (quoting Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987)). Barth's interest in the litigation was based on the subpoena that was served upon him. But that interest disappeared when the Plaintiffs withdrew the subpoena. Barth asserted that his interest remained valid because the Plaintiffs withdrew the subpoena "without prejudice." We agree with the District Court, however, that the Plaintiffs' ability to serve Barth with another subpoena in the future does not preserve his interest in the underlying litigation.

4

See Ungar v. Arafat, 634 F.3d 46, 51-52 (1st Cir. 2011) ("An interest that is too contingent or speculative – let alone an interest that is wholly nonexistent – cannot furnish a basis for intervention as of right.").  To the extent that Barth, as a member of the public, has a general interest in the litigation, his interests are adequately represented by the Township, the "government entity charged by law with representing" him.  Brody, 957 F.2d at 1123.  Therefore, we conclude that the District Court did not abuse its discretion in holding that Barth failed to meet the requirements for intervention as of right.

We also agree with the District Court's denial of Barth's application for permissive intervention.  Fed. R. Civ. P. 24(b).  Permissive intervention is available when an applicant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  As noted above, we are "more reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention."  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 227 (3d Cir. 2005).  Barth's now-extinguished interest in challenging the subpoena does not share any questions of law or fact with the question whether the Township violated the Plaintiffs' constitutional rights.  Accordingly, we conclude that the record provides no basis upon which to disturb the District Court's determination that permissive intervention was not warranted.

For the foregoing reasons, no substantial question is presented, and we grant the Plaintiffs' motion to summarily affirm the District Court's order.  See 3d Cir. L.A.R 27.4; I.O.P. 10.6.