IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF DELAWARE 
CBV, INC., 
 Plaintiff, 
 v. 
 C.A. No. 21-1456-GBW 
CHANBOND, LLC, DEIRDRE LEANE, 
and IPNAV, LLC, 
 Defendants. 

 MEMORANDUM ORDER 
 Before the Court are non-parties Gregory Collins and Kamal Mian’s (collectively, the 
“Proposed Intervenors”) Motion to Intervene Derivatively on Behalf of UnifiedOnline, Inc. 
(“Unified”) pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, 
pursuant to Rule 24(b). D.I. 34. Defendants Deirdre Leane (“Leane”) and IPNAV, LLC’s 
(“IPNAV”) (collectively, “Leane Defendants”), as well as Defendant ChanBond LLC 
(“ChanBond”), filed separate briefs in opposition. See D.I. 73; D.I. 76. For the reasons stated 
below, the Court DENIES the Proposed Intervenors’ Motion to Intervene Derivatively on Behalf 
of Unified.’ D.I. 34. 
 1 LEGAL STANDARD 
 “A motion to intervene . . . must state the grounds for intervention and be accompanied by 
a pleading that sets out the claim or defense for which intervention is sought.” Fed. R. Civ. P. 
24(c). Rule 24(a) provides as follows: 
 On timely motion, the court must permit anyone to intervene who: (1) is given an 
 unconditional right to intervene by a federal statute; or (2) claims an interest relating 
 to the property or transaction that is the subject of the action, and is so situated that 
 The Court writes for the benefit of the parties and assumes their familiarity with this action.

 disposing of the action may as a practical matter impair or impede the movant’s 
 ability to protect its interest, unless existing parties adequately represent that 
 interest. 
 Fed. R. Civ. P. 24(a). To intervene by right, a party must show (1) the application for 
intervention was timely; (2) it has a sufficient interest in the litigation; (3) its interest may be 
affected or impaired, as a practical matter, by the disposition of the action; and (4) its interest is 
not adequately represented by an existing party in the litigation. See Commonwealth of 
Pennsylvania v. President United States of Am., 888 F.3d 52, 57 (3d Cir. 2018). “[A]n applicant’s 
interests are not adequately represented if they diverge sufficiently from the interests of the existing 
party, such that ‘the existing party cannot devote proper attention to the applicant’s interests.’” Id. 
at 60 (citation omitted). 
 Alternatively, Rule 24(b) allows the Court to permit the intervention of any party who “(A) 
is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that 
shares with the main action a common question of law or fact.” Fed. R. Civ. P. 24(b)(1). “[D]istrict 
courts have broader discretion in making a determination about whether permissive intervention 
is appropriate as opposed to intervention as of right.” United States v. Territory of Virgin Islands, 
748 F.3d 514, 524 (3d Cir. 2014). Notably, the Third Circuit has previously upheld the denial of 
permissive intervention for the same reasons that a district court denied a motion for intervention 
by right. See id. at 524-25 (“The District Court in this case denied [the] Rule 24(b) permissive 
intervention motion for the same reasons it denied the motion pursuant to Rule 24(a).”); Brody By 
& Through Sugzdinis v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992) (“[I]f intervention as of right 
is not available, the same reasoning would indicate that it would not be an abuse of discretion to 
deny permissive intervention as well.”). 

 II. DISCUSSION 
 Assuming, without deciding, that the Court could exercise subject matter jurisdiction over 
the Proposed Intervenors’ Derivative Cross-Complaint pursuant to 28 U.S.C. § 1367, see D.I. 76 
at 4, the Proposed Intervenors are not entitled to mandatory or permissive intervention under Rule 
24, 
 A. Rule 24(a)(2) Intervention as a Right 
 The Proposed Intervenors are not entitled to intervention as a matter of right because they 
failed to establish (1) the application for intervention was timely; (2) it has a sufficient interest in 
the litigation; (3) its interest may be affected or impaired, as a practical matter, by the disposition 
of the action; and (4) its interest is not adequately represented by an existing party in the litigation. 
See Commonwealth of Pennsylvania, 888 F.3d at 57. 
 As to the first factor, timeliness, the Court considers (i) the stage of the proceeding; (ii) the 
prejudice that delay may cause the parties; and (iii) the reason for the delay. See Mountain Top 
Condo Ass’n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995). Delay is 
measured “from the point at which the applicant knew, or should have known, of the risk to its 
rights.” Jd. at 370 (internal quotations omitted). Here, while Proposed Intervenors claim that they 
“just recently became aware of this case and the instant motion to intervene was filed as promptly 
as possible,” see D.I. 34 at 13, the record reflects that the Proposed Intervenors were aware of the 
risks to their rights—that William R. Carter Jr.’s (“Carter”) purported corporate governance 
mismanagement of Unified and ChanBond could affect ChanBond’s litigation campaign to 
monetize its patent portfolio and distribute its recovered funds—by at least 2015. See D.I. 34 at 

? Because the Court denies the Proposed Intervenors’ Motion on the merits, the Court does not 
reach the question of whether the Proposed Intervenors’ Derivative Cross-Complaint is permitted 
under Rules 13(h) or 14(a) of the Federal Rules of Civil Procedure. See D.I. 73 at 8-9.

10 (“[OJn June 15, 2015, [Unified] filed a Current Report on Form 8-K with the SEC announcing 
the resignation of two of the three board members ‘selected’ by Carter. They were not replaced 
leaving the [Unified] board without a quorum and therefore unable to take any action.”). Stated 
another way, based on Unified’s public filings with the SEC, the Proposed Intervenors knew, or at 
a minimum, should have known, that their rights—derivatively on behalf on Unified—in 
ChanBond’s recovered funds from monetizing its patent portfolio were at risk by the alleged 
corporate governance deficiencies in Carter’s representation as the sole board member of 
ChanBond. Yet, it was not until March 21, 2022, nearly seven years after the Proposed Intervenors 
knew that their purported rights were at risk, that the Proposed Intervenors sought to intervene in 
this action. See D.I. 34. Furthermore, to require ChanBond and non-party Carter to respond to the 
Proposed Intervenors, who raise “a myriad of complaints and grievances” questionably related to 
the present claims in this action, see D.I. 34 at Ex. A, would be “disruptive, burdensome, costly, 
and highly prejudicial” to all parties, especially at the advanced stage of this litigation. See Ahmed 
Amr v. Greenberg Traurig LLP (In re Syntax-Brillian Corp.), C.A. No. 13-337-GMS, 2016 WL 
5662074, at *10 (D. Del. Sept. 29, 2016). Finally, other than stating in a conclusory fashion that 
“it does not appear that this motion will prejudice the existing parties in any way,” see D.I. 34 at 
13, the Proposed Intervenors fail to proffer any justification for their delay in seeking to intervene 
as a matter of right.

 Accordingly, because the risks to the Proposed Intervenors’ alleged rights were known or 
should have been known by at least 2015, a motion to intervene filed nearly seven years later is 
untimely. Thus, the Court will deny the Proposed Intervenors’ Motion under Rule 24(a).? 
 However, even if the Proposed Intervenors’ motion were timely, the Court is unpersuaded 
that the Proposed Intervenors have “a sufficient interest in the litigation” or that they “might 
become affected or impaired . . . by disposition of the action in their absence” to satisfy the second 
factor. Mountain Top, 72 F.3d at 366. “An intervenor’s interest must be one that is significantly 
protectable. This means that the interest must be a legal interest as distinguished from interests of 
a general and indefinite character.” Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d 
Cir. 2005) (internal citations and quotations omitted). The Proposed Intervenors must also 
demonstrate that there is a “tangible threat” to their interests to have the right to intervene. See id. 
Here, the Proposed Intervenors contend that Unified has a “direct and ‘significantly protectable’ 
legal interest in the settlement funds at issue” because “[Unified] is the sole member of Chanbond, 
so Chanbond’s 50% share of the ‘Net Recoveries’ should flow directly to [Unified].” D.I. 34 at 
14. In other words, the Proposed Intervenors’ purported rights are “doubly derivative” to 
ChanBond’s share of the Settlement Funds. See Hamilton Partners, Ltd. P’ship v. Englard, 1\ 
A.3d 1180, 1199 (Del. Ch. 2010) (“In a double derivative action, the cause of action being pursued 
belongs to the subsidiary, and the subsidiary is therefore a necessary party for granting relief.”). 
But this attenuated relationship to the claims at issue in this case are far from a “tangible threat” 

3 Because the Court denies the Proposed Intervenors’ Motion based on a failure to establish the 
first factor, the Court is not required to address the remaining three factors. See U.S. v. Terr. of 
V.1., 748 F.3d 514, 519 (3d Cir. 2014) (“Although these requirements are intertwined, each must 
be met to intervene as of right.”) (citations omitted). However, for the benefit of the parties, the 
Court will evaluate the Proposed Intervenors’ shortcomings with respect to the remaining three 
factors as if each prerequisite factor(s) was/were properly satisfied.

to the Proposed Intervenors’ interests such that they may maintain a right to intervene. The 
Proposed Intervenors also ignore the well-established rule that, under Delaware law, separate 
corporate existences of a parent and subsidiary are generally upheld, even when the parent 
corporation owns all stock of the subsidiary. See Roseton OL, LLC v. Dynegy Holdings, Inc., No. 
6689-VCP, 2011 WL 3275965, at *15 n.110 (Del. Ch. July 29, 2011) (“As a rule, parent and 
subsidiary corporations are separate entities, having separate assets and liabilities. . .. The parent’s 
ownership of all of the shares of the subsidiary does not make the subsidiary’s assets the 
parent’s.”). Thus, on this record, there is no basis—nor do the Proposed Intervenors allege any— 
to support their contention that Unified, as the sole member of ChanBond, has any direct interest 
to the Settlement Funds. Accordingly, the Proposed Intervenors have failed to identify any 
significantly protectable interest in any claims Unified may have to the Settlement Funds.‘ 
 As to the third factor, even if the Proposed Intervenors’ motion were both timely and 
established a significantly protectable interest, the Proposed Intervenors have failed to demonstrate 
that this interest would be impaired by the disposition of this action. Although the Proposed 
Intervenors claim that, if Plaintiff CBV Inc. successfully challenges the validity of Unified’s 
ownership of ChanBond, “res judicata could bar Unified from bringing a separate action,” see D.I. 
34 at 14, this concern is purely speculative. See Islamic Soc’y of Basking Ridge v. Twp. of 
Bernards, 681 F. App’x 110, 112 (3d Cir. 2017) (“An interest that is too contingent or 
speculative—let alone an interest that is wholly nonexistent—cannot furnish a basis for 

4 To the extent the Proposed Intervenors argue that they have a protectable interest in defending 
Unified’s ownership of ChanBond, or that it has a protectable interest in defending itself from 
claims made by the Leane Defendants, see D.I. 34 at 14, these allegations also fail to establish that 
there is a “tangible threat” to their interests such that they may maintain a right to intervene. See 
Liberty Mut., 419 F.3d at 220. At best, these allegations are speculative, making it unclear to the 
Court which of the Proposed Intervenors’ legal interests are at issue or threatened by the 
disposition of this action.

intervention as of right.” (quoting Ungar v. Arafat, 634 F.3d 46, 51-52 (1st Cir. 2011))); see also 
6 Moore's Federal Practice - Civil § 24.03 (2023) (“A movant’s interest is plainly impaired □□□□□ 
[flor example, [] the doctrine of res judicata would prohibit a movant from pursuing a claim in a 
separate action, a total obstruction of the interest would result.”) (emphasis added). Additionally, 
there is no merit to the Proposed Intervenors’ argument that, “[g]iven Carter’s alleged conflicts 
and apparent lack of loyalty to [Unified], . . . ChanBond ‘may’ defend or settle this action in a 
manner that impairs [Unified’s] interest.” D.I. 34 at 15. Beyond mere speculation, the Proposed 
Intervenors’ argument assumes that ChanBond is itself willing to impair its own interests in the 
Settlement Funds which, by the Proposed Intervenors’ own logic, would be required to thereby 
impair Unified’s interest. Thus, even assuming, arguendo, that the Proposed Intervenors’ motion 
was both timely and established a significantly protectable interest, the Proposed Intervenors have 
failed to demonstrate that this interest would be impaired by the disposition of this action. 
 Finally, as to the fourth factor, the Proposed Intervenors have failed to establish that the 
existing parties do not adequately represent their interests. Notably, though the Proposed 
Intervenors concede that Unified’s interest is entirely derivative of ChanBond’s interest, see D.I. 
34 at 15, the Proposed Intervenors argue that “ChanBond ‘may’ defend or settle this action in a 
manner that impairs Unified’s Interest.” Jd. However, the Proposed Intervenors have not 
articulated any reason to suggest that ChanBond “cannot devote proper attention to the [Proposed 
Intervenors’] interests.” See Commonwealth of Pennsylvania, 888 F.3d at 60 (citation omitted). 
That the Proposed Intervenors contend that ChanBond cannot adequately represent their interests 
because counsel for ChanBond also represents Carter in a related North Carolina action is also 
meritless. See D.I. 34 at 15. Not only is Carter not a party to this action, but the Proposed 
Intervenors’ fears of self-dealing ignore counsel for ChanBond’s ethical obligations to ChanBond

the corporate entity, not ChanBond’s individual directors, officers, or managers. See TransPerfect 
Glob., Inc. v. Ross Aronstam & Moritz LLP, No. 2021-0065-KSJM, 2022 WL 803484, at *11 (Del. 
Ch. Mar. 17, 2022) (“Generally speaking, where an attorney is hired by a corporation, that attorney 
owes a duty to the corporate entity, not to the individual directors, officers and shareholders.”) 
(citation omitted). Tellingly, counsel for the Proposed Intervenors even acknowledges that both 
Unified’s and ChanBond’s interests in this action are aligned, further supporting that the Proposed 
Intervenors’ interests, derivatively on behalf of Unified, are adequately represented. See D.I. 88, 
Ex. | ¢ 14 (“Therefore, my clients have no assurance that any present party to this action can or 
will adequately protect ChanBond’s and UOI’s interests in the Settlement Fund. All parties are 
self-interested to the detriment of ChanBond and UOI.”). That Unified may, in the future, have 
claims against ChanBond if ChanBond is successful in retaining a portion of the Settlement Funds 
does not render ChanBond’s representation of Unified’s interest here inadequate. Thus, the 
Proposed Intervenors have failed to establish that the existing parties do not adequately represent 
their interests to support intervening as a matter of right. 
 Accordingly, because the Proposed Intervenors have failed to establish any of the four 
factors required to support a right to intervene, let alone all of the requisite factors, the Court denies 
the Proposed Intervenors’ Motion under Rule 24(a). 
 B. Rule 24(b) Permissive Intervention 
 Alternatively, the Proposed Intervenors request that the Court permit intervention under 
Rule 24(b). D.I. 34 at 16. For the reasons set forth above, the Proposed Intervenors have also 
failed to persuade the Court that it should exercise its discretion to permit intervention. See Brody, 
957 F.2d at 1124 (“[I]f intervention as of right is not available, the same reasoning would indicate 
that it would not be an abuse of discretion to deny permissive intervention as well.”). The Court’s

conclusion that the Proposed Intervenors’ motion is untimely applies with equal force to 
permissive intervention and is a sufficient basis on which to deny permissive intervention. See Jn 
re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982) (“An application to intervene, 
whether of right or by permission, must be timely under the terms of Rule 24.”). Furthermore, far 
from establishing that they are asserting claims or defenses that share common questions of law 
or fact that are the subject of this litigation, see Fed. R. Civ. P. 24(b)(1), the Proposed Intervenors 
merely state, in a conclusory fashion, that their claims and defenses “share common questions of 
fact.” D.I. 34 at 16. And even assuming the Proposed Intervenors’ claims were related to the 
present litigation, that at least some of these claims have been brought in another forum, i.e., 
California state court, demonstrates that the Proposed Intervenors have adequate alternative means 
of asserting their purported rights. Compare D.I. 34, Ex. A, with D.I. 76, Ex. 1; see Luster v. 
Puracap Lab’ys, LLC, C.A. No. 18-503-MN-JLH, 2023 WL 157638, at *3 (D. Del. Jan. 11, 2023); 
7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 1998) 
(“If the would-be intervenor already is a party to other litigation in which the intervenor’s rights 
can be fully determined, or if there is another adequate remedy available to protect the intervenor’s 
rights, this may persuade the court to deny leave to intervene.”) (collecting cases). 
 Accordingly, the Court will exercise its discretion to deny permissive intervention under 
Rule 24(b).

 I. CONCLUSION 
 For the reasons stated above, the Court denies the Proposed Intervenors’ Motion to 
Intervene Derivatively on Behalf of UnifiedOnline, Inc. pursuant to both Rule 24(a) and Rule 24(b) 
of the Federal Rules of Civil Procedure. See D.I. 34. 
 * * * 
WHEREFORE, at Wilmington this 1st day of June, 2023, IT IS HEREBY ORDERED that: 
 1. Proposed Intervenors Gregory Collins’ and Kamal Mian’s Motion to Intervene 
 Derivatively on Behalf of UnifiedOnline, Inc. (D.I. 34) is DENIED. 

 } a \ = 
 GREGORY B. WILLIAMS 
 UNITED STATES DISTRICT JUDGE 

 10