**DLD-123**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3497
_____

IN RE: JESSE D. PELLOW,
                                        Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 3:24-cv-00133)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2026

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: May 13, 2026)
_____

OPINION*
_____

PER CURIAM

　　Jesse D. Pellow has filed a petition for writ of mandamus. The petition relates to

an ongoing civil case in the United States District Court for the Western District of

Pennsylvania where he is not a party. Respondent Mae Thompson has filed a motion to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss the "appeal" or quash this mandamus action. For the following reasons, we will deny the mandamus petition.

Thompson filed a civil action against her employer, Garvey Manor Nursing Home ("Nursing Home"), claiming a hostile work environment due to sexual harassment. The only defendant named in the complaint is the Nursing Home. Thompson named Pellow as one of her harassers in her complaint.

Pellow filed a motion for joinder in July 2024. The District Court construed that as a motion to intervene pursuant to Federal Rule of Civil Procedure 24. The motion to intervene was denied on March 23, 2026. The District Court determined that Pellow's only interest in the case was as a witness since he was not identified as a defendant so could not be found civilly liable.

On December 19, 2025, Pellow filed this petition for writ of mandamus. He requests the following: (1) a hearing on why he cannot defend himself against Thompson's accusation; (2) an appeal to certain interlocutory orders of the District Court; (3) an investigation into the origins of this case; and (4) discovery regarding who was really behind filing the case in the District Court. Thompson filed a motion to dismiss/quash this mandamus action.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means

[exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). A petition for a writ of mandamus is not a substitute for an appeal. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

To the extent that Pellow challenges the denial of his motion to intervene, mandamus is inappropriate because such an order is immediately appealable under these circumstances.[1] *See United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1179 (3d Cir. 1994) (holding that a district court's denial of a motion to intervene is a final, appealable order); *see also Carlough v. Amchem Prods., Inc.,* 5 F.3d 707, 712 (3d Cir. 1993) ("There is no doubt that an outsider denied intervention claimed to be of right may take an immediate appeal. Such a proposed intervenor's future involvement in the lawsuit . . . is foreclosed entirely by the denial of intervention, and the order of denial thus has the requisite finality for appellate review.") (citation omitted).

To the extent Pellow seeks other relief, he has not shown a clear and indisputable right to such relief. Therefore, Pellow's petition for writ of mandamus is denied.

---

[1] Pellow has filed a notice of appeal with this Court that has been transmitted to the District Court to be treated as an appeal from the order denying his motion to intervene.

Thompson's motion to dismiss/quash the petition for writ of mandamus is denied as moot.